STATE, Respondent v. HOWELL, Appellant

(95 N.W.2d 36.)

(File No. 9678. Opinion filed February 10, 1959)

**Elmer Thurow,** Aberdeen, for Defendant-Appellant.

**Phil Saunders,** Atty. Gen., **George W. Wuest,** Asst. Atty. Gen., **Michael O. Ronayne,** State's Atty., **C. W. Hyde,** Deputy State's Atty., Aberdeen, for Plaintiff-Respondent.

RENTTO, J. On a trial by the court defendant was found guilty of contributing to the delinquency of a minor. He appeals from the judgment entered thereon.

During the night of November 24, 1956, defendant and his girl friend, then 16 years of age, were out riding in his automobile—apparently with other friends. Because of the high rate of speed at which they were traveling they were stopped by a highway patrolman and the defendant warned to watch his speed. The patrolman observed that the car reeked of beer and found some empty beer bottles in it. On request of the officer the defendant accompanied him to the police station. Defendant's companions went along in his car. He was there interrogated after which he was told to take his girl friend home and go home himself.

The only material testimony taken at the trial in this matter was given by the patrolman and the defendant's girl friend. It shows that during the ride in question the defendant stopped at a drive-in and purchased a six-pack of 3.2 beer. After that they continued riding around

during which time the six-pack was consumed before they were stopped by the officer. Defendant's girl friend drank two or three bottles of the beer. Some was also consumed by the defendant. She testified that neither she nor the defendant were drunk and that they were not influenced by the beer. The patrolman stated that while her breath smelled of beer she was sober. There is no evidence whatever that she was intoxicated or any showing from which such could be inferred.

The information on which the defendant was prosecuted alleged that he contributed to the delinquency of the girl in question by buying and giving to her a certain quantity of 3.2 beer and permitting the same to be consumed by her in his presence. Defendant claims that the evidence is insufficient to justify the court's finding of guilty. This was his claim in the trial court and he reasserts it on this appeal.

■ The offense here involved is created by SDC 43.9901. It is criminal in nature and the laws and rules governing criminal prosecution in general apply except as they are modified by the provisions of SDC 43.04. So far as here material SDC 43.9901 provides:

"Any person who shall by any act cause, encourage, or contributte to the dependency or delinquency of a child, as such phrases with reference to children are defined by chapter 43.03, or who shall in any manner be responsible therefor, shall be guilty of a misdemeanor * * *".

We are here concerned only with the delinquency phase of the offense. Obviously an essential component of the crime is the delinquency of the child as that phrase is defined in SDC 43.0301. In establishing the offense it is not necessary to prove that the child has actually become delinquent. It is sufficient if the evidence shows that the delinquency of the child may have been caused or merely encouraged. SDC 43.0409(1).

The term delinquency as applied to this crime has a variety of meanings. These have been spelled out in detail by the legislature in SDC 43.0301. On this appeal the

prosecution in its brief states that in charging the defendant it was relying on that portion of the statute which describes a delinquent child as one who, while under the age of 18 years, "drinks intoxicating liquors on any street, in any public place, or about any schoolhouse, or at any place other than its own home".

Defendant directs our attention to the statutory definitions set out in SDC Supp. 5.0101. These are as follows:

"(1) 'Intoxicating liquor', any liquid, either commonly used, or reasonably adapted to use, for beverage purposes, and containing in excess of three and two-tenths per centum of alcohol by weight;

"(2) 'Non-intoxicating beer', any liquid either commonly used, or reasonably adapted to use, for beverage purposes, and which is produced wholly or in part from brewing of any grain or grains, or malt or malt substitute, and which contains any alcohol whatsoever but not more than three and two-tenths per centum of alcohol by weight;"

He argues that in view of these provisions the drinking of 3.2 beer by one who is under the age of 18 years is not within the condemnation of our delinquency statutes. Both parties seem agreed that the beer which defendant furnished his girl friend was of the kind defined by our law as non-intoxicating.

There is no claim by the prosecution that the minor involved was intoxicated. It further admits that there is no evidence in this record that 3.2 beer can cause a person to become intoxicated. The contention of the state is that the intoxicating character of the liquor involved should be judicially noticed. Its position is thus summed up in its brief, "Therefore, for this conviction to be sustained, the Court would have had to take judicial notice that 3.2 beer was intoxicating liquor." That such notice has been taken by courts in times past is not open to question.

The designation of a minor under 18 years of age who drinks intoxicating liquor at any place other than its own home as a delinquent came into the law when we adopted

our juvenile statutes in 1915, Laws 1915, c. 119. We think 3.2 beer under the statutes then in force was considered an intoxicating liquor, § 2834, Revised Code of 1903. Clearly it was such within the language of our prohibitory law, § 3, Ch. 281, Laws of 1917, which later appeared as § 10237, Revised Code of 1919. However, in the beer act of 1933 our legislature departed from its previous statutory definition of intoxicating liquor.

This act was adopted as Ch. 12 of the Laws of the Special Session of 1933 and became effective on its approval on August 5, 1933. It defined intoxicating and non-intoxicating liquors in this manner:

"The term 'intoxicating liquors' whenever used in this Act or in any existing law shall be construed to include whiskey, alcohol, brandy, gin, rum, absinthe, cordial and all wine, ale, beer, hard or fermented cider, tincture or essence of ginger having an alcoholic content of more than 3.2 per centum by weight and all other distilled, spirituous, vinous, malt, brewed, and fermented liquors having an alcoholic content of more than 3.2 per cent by weight. Non-intoxicating beer and wine shall be construed to all include such beer and wine which has an acoholic content of not more than 3.2 per centum by weight."

This was in line with the action of Congress a few months earlier in amending the Volstead Act to declare that beer containing not more than 3.2 per cent of alcohol by weight to be a non-intoxicating beverage. 27 U.S.C.A. § 64a. The authority of the legislature to enact this provision is not questioned.

■ When said Chapter 12 became effective, the 18th Amendment to the U.S. Constitution prohibiting the manufacture, sale, or transportation of intoxicating liquors was the supreme law of the land. It was not repealed until the ratification of the 21st Amendment on December 5, 1933. Also Art. XXIV of our State Constitution, our prohibition amendment, was likewise in full force and effect. Its repeal was voted by the electors at the general election

held in November, 1934. In view of these circumstances we think the legislature must have intended to declare, as a matter of law, that 3.2 beer is a non-intoxicating beverage. Beck v. Groe, 245 Minn. 28, 70 N.W.2d 886, 52 A.L.R.2d 875. To hold otherwise would be to credit the legislature with an intent to violate the law. It did not legislate concerning intoxicating liquors until the adoption of Chapter 134, Laws of 1935. At that time the Prohibition Amendments, both Federal and State, had been repealed.

 The definitions of the words intoxicating and non-intoxicating in the 1933 law were specifically applied to that act and to all existing laws. Clearly this new concept of intoxicating liquors was intended to define that term as used in the delinquency statute. The words used could have no other meaning. However, it seems to us that this was altered in the 1939 revision. Reaney v. Union County, 69 S.D. 392, 10 N.W.2d 762. In SDC 5.0101 these definitions were no longer applied to all existing laws. On the contrary, they were specifically limited to that title. The general rule seems to be that whenever the meaning of a word or phrase is defined in any statute such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears. With us this rule is statutory. SDC 65.0202(8). It seems plain to us that the legislature in adopting SDC 5.0101 intended that the definition of intoxicating liquor contained in that section was not to apply to that phrase in our delinquency statute.

This conclusion, we think, finds support in these other factors. Title 5 is concerned only with regulating the manufacture, distribution and sale of alcoholic beverages and the taxes levied thereon. Its penal provisions are confined to activities incidental thereto. The other crimes in our law books concerned with intoxicating liquors seem to us unrelated to the purposes with which the legislature was concerned in Title 5. In this connection we must also consider the purpose intended to be served by our delinquency laws. The legislature has declared that they were enacted to protect the children of the state from the effects of improper conduct and it further directed that

they be liberally construed in favor of the state to effectuate this purpose. SDC 43.0409(2).

As above indicated it is our view that the meaning of the term intoxicating liquor as used in our delinquency law is not controlled by the definition of that term in SDC Supp. 5.0101(1). However, in view of the fact that the legislature in SDC Supp. 5.0101(2) declared 3.2 beer to be non-intoxicating, we feel compelled to hold that the courts of this state should not be expected to take judicial notice that such beer is intoxicating. Whether it is intoxicating liquor within the meaning of our delinquency laws is a fact issue to be determined from the evidence. In this record there is nothing to indicate that it is. Accordingly we must hold that this conviction is not justified by the evidence.

The rule in this state is that no act or omission is criminal or punishable except as prescribed or authorized by statute. SDC 13.0103. While it is a crime for a licensee to sell or give non-intoxicating beer to a person less than 18 years old, SDC Supp. 5.0311(4), we have found no statute declaring it criminal when the same act is committed by a non-licensee. In this connection it is to be noted that the giving of intoxicating liquor for use as a beverage to one in that age group, by one not a licensee, was not declared a crime until the adoption of Chapter 14, Laws of 1943, now SDC Supp. 5.0227-2.

Reversed.

All the Judges concur.