JAMES WILSON, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

(Claim No. 24059.)

Third Department, December 29, 1937.

*Kahn & Maloy* [*Henry S. Kahn* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden, Assistant Attorney-General,* of counsel; *Joseph L. Delaney, Assistant Attorney-General,* with him on the brief], for the respondent.

HILL, P. J. Appeal from a judgment of the Court of Claims which dismissed on the merits appellant's claim for personal injuries and property damage. He was traveling in an automobile along a State highway in the town and county of Essex and came around a curve to the summit of Brier hill and began the descent of about an eight per cent grade. When his car, traveling at from twenty to thirty miles an hour, was alongside a steep clay bank, it slid and skidded upon the wet and pasty clay which had washed down upon the hard surface of the pavement from the adjacent bank, or had been carried there by passing vehicles from the shoulder of the road where it had been placed by employees of the State. The car slued completely around and overturned. It was righted by appellant with the assistance of the other occupants and spectators and a wheel was found to be broken. The court found as to the location of the car after it had been righted, " the claimant acted with care in placing his said damaged automobile upon the said pavement and said shoulder of the road for the purpose of making necessary, immediate and temporary repairs thereto." Appellant was facing away from the summit of Brier hill engaged in repairing his automobile and a second car came over the brow, skidded as he had done, and struck and injured him. The foregoing is taken substantially from the findings made by the Court of Claims. There is a further finding, " That prior to the time of said accident there were other accidents on said highway at said ' Brier Hill ' of which accidents, employees of the State had notice." A witness testified, " I saw seven [cars] piled up there one day." Other witnesses testified that during every light rain the road at this point became extremely slippery through the erosion of the clay upon the hard surface. The State had knowledge that at such times the road was dangerous, and that the condition was caused in part by the clay that had eroded from the bank and in part from that which was placed upon the shoulders adjacent to the pavement by State employees. The first of these conditions could have been corrected by ditching, the other by the use of proper material on the shoulders. No warning of any kind was given to a traveler as he came to the brow of Brier hill before he began the descent of this greasy, slimy road. The failure to warn of the danger and to take steps by trenching or otherwise to prevent wet clay from gathering on the surface was negligence and the claimant is entitled

to recover. (*Sporborg* v. *State of New York*, 226 App. Div. 113; *Saulsbury* v. *Braun*, 223 id. 555; *Walker* v. *Town of Pittsfield*, 198 N. Y. 559.) No finding as to contributory negligence was made, other than the one quoted which dealt with the location of appellant's car after it was righted. The fact there found negatives contributory negligence.

The Court of Claims found that appellant's automobile was damaged in the sum of $76.60; that he was unable to work for ten weeks; that he was earning $25 a week and that he paid $165 for necessary medical treatment. Also it was found that he " sustained a fractured collarbone and shoulder blade and was bruised about the head and shoulders; he suffered pain and was unable to sleep for about two weeks; he was under medical care for about ten weeks * * * and received a shock and was nervous as a result of said accident. He was obliged to have his arm in a sling for a period of five or six weeks." He should recover his money loss of $491.60 and $2,500 for pain and suffering, in all a judgment of $2,991.60.

McNamee, Crapser, Bliss and Heffernan, JJ., concur.

Judgment reversed on the law and facts, with costs, and a judgment in favor of the claimant directed in the sum of $2,991.60, with costs.

The court reverses findings of fact Nos. 26, 27, 28 and 29 and such findings of fact as appear in the part of the decision captioned " Conclusions of Law " and the court makes new findings of fact in accordance with claimant's requests numbered 12 and 14, and further, that the State of New York, its agents, servants and employees were negligent in placing clay on the shoulders of the highway at Brier hill and were negligent in not preventing the clay of the adjacent bank from eroding onto the hard surface of the highway and for failure to give adequate warnings of the dangerous condition. That plaintiff sustained his injuries solely through the negligence and carelessness of the agents, servants and employees of the State of New York.