GLYN A. FINCHER, an Incompetent, by E. ALICE FINCHER, as Committee, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 36620.) PATRICIA A. LENAHAN, as Administratrix of the Estate of ROBERT A. LENAHAN, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36864.) — Appeals by the State from judgments of the Court of Claims which awarded damages for the personal injuries of claimant Fincher and for the death of claimant Lenahan's intestate, found to have been caused by the State's negligence in the construction and maintenance of a highway, as the result of which the automobile in which the two men were traveling, while proceeding westerly, downgrade and around a curve to the left, skidded upon ice and off the northerly side of the highway and down an embankment; and cross appeal by claimant Fincher on the ground of the inadequacy of the award. The trial court found that at the curve the northerly shoulder sloped southerly toward the edge of the pavement and that southerly of the highway a high ledge of rock shaded the highway from the sun's rays for a substantial part of the Winter day, with the result that water formed by melting snow and running on to the pavement from the sloping shoulder froze and remained frozen even when the pavement for very considerable distances easterly and westerly of the curve was dry; that this condition occurred regularly during the Winter months, as was well known to the State, which sanded it regularly; that at the time of the accident, in the afternoon of February 12, 1959, the highway was clear and dry except for an area of glass-like ice about 600 feet in length, which had formed and failed to melt, although the day was clear and sunny and there had been no precipitation that day and only a trace of precipitation the day before; that the icy area commenced about 200 feet easterly of the point of the accident; that the highway surface at the curve had been sanded the day before but the recurring icy condition was not corrected by sanding on the day of the accident, which was a holiday, until a sanding crew was called out after the accident. Upon these findings, for which there is ample support in the record, the Court

of Claims was warranted in holding that the proximate cause of the accident was the State's negligence in failing to erect signs to warn of a notoriously dangerous condition and in failing to sand the icy surface on the day of the accident, prior to its occurrence; and that neither claimant Fincher nor decedent Lenahan was negligent. (See *Riggi* v. *State of New York*, 5 A D 2d 941; *Bruce* v. *State of New York*, 3 A D 2d 793; *Greenblatt* v. *State of New York*, 284 App. Div. 1002; *Wilson* v. *State of New York*, 253 App. Div. 12; and, as to contributory negligence, *Rugg* v. *State of New York*, 284 App. Div. 179, 182–183; 1 A D 2d 916.) Somewhat more debatable are the findings that the road was not properly constructed and was not properly maintained by scraping or trimming the shoulder; but the expert testimony supporting these conclusions was not impeached and, upon the record in this case, which, of course, constitutes no precedent respecting engineering practices generally, we find no reason to disturb these findings, although neither is necessary to support the decision and awards or their affirmance here. We do not find the award in the Fincher case inadequate. Judgments unanimously affirmed, with costs to each respondent. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.