■ THOMAS J. FARRELL, as Administrator of the Estate of WILLIAM FARRELL, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 53562.) — Appeal from a judgment in favor of claimant, entered July 25, 1973, upon a decision of the Court of Claims. This claim was brought to recover damages for personal injuries resulting from a one-vehicle accident on January 15, 1971. This is not a claim for wrongful death, claimant's intestate having died of an unrelated cause subsequent to the filing of the claim. At the time of the accident, claimant's intestate was operating a United States Post Office van on New York State Route 25-A in the Village of Oyster Bay Cove in Nassau County when it encountered a patch of ice, left the

highway and overturned. The court awarded claimant the sum of $5,863.65 for the resulting injuries. The State contends that it is not responsible for an accident caused by an isolated patch of ice on the highway in the absence of proof that it had notice of the condition or had created it, and that claimant failed to establish that his intestate was free from contributory negligence. The testimony established that the icy condition was present only in the area of the accident and nowhere else on Route 25-A; that the existence of ice patches in this area had been a recurrent condition over the years, and had been reported over the years to the State Highway Department; that there were no warning signs in the area; and there was no evidence of any sand or abrasive material on the ice. While the State is not an insurer of the safety of the users of its highways (*Boyce Motor Lines* v. *State of New York,* 280 App. Div. 693, affd. 306 N. Y. 801), it may be held liable for injuries arising by reason of isolated patches of ice where the State had notice of a recurrent condition in a specific area and failed to post warning signs or sand the road surface to correct the condition once it developed. (*Riggi* v. *State of New York,* 5 A D 2d 941; *Bruce* v. *State of New York,* 3 A D 2d 793.) While there is evidence that highway crews had sanded the entire length of the road prior to 12:00 P.M. midnight the night before the accident, there is no direct evidence that the road had been sanded after that time. The court properly concluded that the testimony concerning sanding after 12:00 P.M. midnight was of little probative value. As argued by the State, claimant was required to establish that his intestate was free from contributory negligence. (*Hansen* v. *City of New York,* 274 App. Div. 196, affd. 299 N. Y. 136.) Here, while claimant's intestate was not killed in the accident, his version of what happened is left untold because of death. " Under such circumstances we should closely scrutinize whatever other evidence there may be which will shed light upon the manner in which the accident occurred ". (*Cameron* v. *Dooley,* 18 A D 2d 130, 131.) See, also, *Schechter* v. *Klanfer,* 28 N Y 2d 228.) Under these circumstances, the burden becomes less and the court was entitled to consider the testimony of the witnesses at the scene who had also become involved at about the same time in accidents and by weighing the probabilities determining the cause of the accident. Here, recovery rests upon circumstantial evidence and, there being no direct evidence of negligence on the part of claimant's intestate, the court could properly conclude from the available evidence that the proximate cause of the accident was the icy condition of the road. The judgment appealed from should, therefore, be affirmed. Judgment affirmed, with costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.