George D. JONES, Administrator of Estate of Elizabeth Jones, Appellant,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1974.

As Modified on Denial of Rehearing Feb. 21, 1975.

**750**

Charles V. Collins, James J. Varellas, Lexington, for appellant.

Jim Robinson, Gen. Counsel, Dept. of Highways, Frankfort, Louis Kawaja, Dept. of Highways, Lexington, for appellee.

STEINFELD, Justice.

A referee of the Board of Claims denied recovery to appellant George D. Jones, administrator of the estate of Elizabeth Jones, deceased, on his claim against the Commonwealth of Kentucky, Department of Highways, for the wrongful death of Elizabeth Jones. The full Board of Claims and the circuit court affirmed; hence this appeal. We reverse.

Mrs. Jones was killed on January 17, 1968, while operating her motor vehicle eastwardly on Versailles Road, in Fayette County, in the area of the Ft. Springs bridge. A patch of ice was located in the lane in which Mrs. Jones was traveling, and it was the only ice existing at the time on that entire section of the highway. There were no warning signs. No eyewitnesses testified, but the circumstances were explained by persons who arrived at the scene of the accident shortly after it occurred. The coroner testified that there was a patch of ice in that part of the road nearest to the median strip, in the lane of U.S. 60 which is used by vehicles going from Versailles to Lexington. He explained that the ice was " * * * on a curve on a slight rise * * * " and that from the tracks which were there he could tell that her car struck the ice, " * * * crossed the center median into the other lane and struck an automobile." A police officer stated that "(t)he Chevrolet station wagon driven by Mrs. Jones had hit this ice, slid sideways and across into the westbound lane of traffic into the path of the other car driven by Clayborn."

For several years this area of the highway was subject to dampness and ice formed on occasions, although all other areas of the road in the vicinity were free of ice. Editorials labeling this situation as dangerous had appeared in a newspaper of general circulation in the area. There was testimony that a wet-weather spring had caused the problem and that the situation could have been corrected by appropriate reconstruction. Some time after the accident, the Department of Highways corrected this problem.

The referee found that the Department of Highways was negligent in the maintenance of the highway and that " * * *, the negligence of the defendant * * * might have been the cause of the * * * death." However, relying on City of Ashland v. Burley, 265 Ky. 176, 96 S.W.2d 581 (1936), the referee denied recovery on the basis that the administrator had failed to prove that the negligence of the department was a proximate cause of the injury. He also concluded that it could be assumed that Mrs. Jones " * * * was inattentive, hit her brakes at an inappropriate time or in a dangerous and reckless manner * * * " when her car struck the ice, * * * therefore caused the accident by her own action." On review, the Board of Claims concurred in the referee's findings.

▮ In the case before us, the patch of ice upon the highway was the only causative factor established by the evidence. We think that evidence compels a finding that the ice was a substantive factor in causing the accident.

There was not the slightest proof of inattentiveness of the operator or misdirection of the vehicle by her and these factors as far as causation is concerned are purely speculative possibilities as opposed to reasonable probabilities.

▮ The Department of Highways argues that it did not have a duty to move the ice from the highway. Ordinarily, this is true as to natural accumulations of ice. Commonwealth, Dept. of Highways v. Brown, Ky., 346 S.W.2d 24 (1961). We are of the opinion that the evidence before the Board of Claims brought this case

within the rules announced in Commonwealth, Dept. of Highways v. Automobile Club Insurance Co., Ky., 467 S.W.2d 326 (1971), in which we said that the Commonwealth could be held liable for its negligence in permitting a dangerous " * * * situation to continue without attempting to remedy, warn, or guard against the danger."

Contributory negligence is an affirmative defense (CR 8.03), and for appellee to prevail on that defense as it claims, it was incumbent that it show by substantial evidence, circumstantial or otherwise, that Mrs. Jones failed to use such care for her own protection as an ordinarily prudent person would use under the same or similar circumstances. Cf. Falender v. City of Louisville, Ky., 448 S.W.2d 367 (1969). The failure of the Department of Highways to prove contributory negligence, the unrefuted showing that the department's negligence was a substantial factor in causing the loss of life, and a finding that the department was negligent established the right of the administrator to recover damages.

The judgment is reversed, with directions to remand the matter to the Board of Claims for an award of damages.

All concur.