KIEL, Appellant v. DE SMET TWP. et al., Respondents

(242 N.W.2d 153)

(File No. 11598. Opinion filed May 25, 1976)

Vance R. C. Goldammer, Sioux Falls, argued the cause for appellant. With him on the brief were Gary J. Pashby and Robert J. McDowell, of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for plaintiff and appellant.

Lyle J. Wirt, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and respondent Morris Lee.

William G. Taylor, Jr., of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendants and respondents DeSmet Township, Leslie Dannenbring and Selmer Skyberg.

WOLLMAN, Justice.

Appellant became totally blind as a result of injuries that she suffered when a car in which she was riding as a passenger ran off the road at a dead-end intersection on a township road approximately two miles northwest of DeSmet, South Dakota, late at night on June 27, 1971. She brought suit against the driver of the car, the township in which the intersection is located, the township supervisors, and the private contractor who had maintained the road in question for the township. The trial court entered summary judgment in favor of all defendants except the

driver of the car.* Appellant has appealed from the summary judgment entered in favor of the township and the township supervisors. We reverse.

The pleadings, depositions and affidavits on file reveal that the township road in question, which runs north and south, ends at a "T" intersection with another township road at a point where the accident occurred. Some years prior to the accident the township supervisors had placed a road sign bearing the words "Dead End" on the west shoulder of the road approximately 250 feet north of the intersection. This sign had been knocked down on numerous occasions by persons transporting farm machinery and haystack movers over this road, which has a width of some 20 feet.

On or about June 10, 1971, Merle Klinkel, defendant road contractor referred to above, observed this sign broken over and lying in the ditch as he was maintaining the road. In accordance with instructions that he had received from the township supervisors, he carried the sign to the "T" intersection, where he placed it facing north in the center of the intersection by inserting it in the fence that is located on the south right-of-way line of the east-west road with which the road in question intersects. Mr. Klinkel called one of the township supervisors later that day and told him that the sign had been knocked down and that he had placed it in the fence at the intersection.

SDCL 31-32-10 provides in part that:

"In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such extent as to endanger the safety of public travel, it shall be the duty

---

* Only the defendant road contractor made a motion for summary judgment. The township and the defendant supervisors made motions to dismiss, which were treated by the trial court as motions for summary judgment, apparently with the consent of all parties. SDCL 15-6-12(b). The trial court made an express determination that no just reason existed for delay for the entry of judgment and directed that judgment be entered. SDCL 15-6-54(b). Cf. Shyrock v. Mitchell Concrete Products, Inc., 87 S.D. 566, 212 N.W.2d 498; Brasel v. City of Pierre, 87 S.D. 561, 211 N.W.2d 846.

of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within forty-eight hours thereafter, substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter. * * * "

SDCL 31-32-11 provides in part that:

"Any person who shall sustain injury to person or property by reason of any violation of § 31-32-10 shall have a cause of action against the county, township, city, or town as the case may be for such damages as he may have sustained."

In Dohrman v. Lawrence County, 82 S.D. 207, 143 N.W.2d 865, and in Reaney v. Union County, 69 S.D. 392, 10 N.W.2d 762, this court held that the failure of the governing board or body to install adequate signs warning of danger incident to a sharp curve or steep hill is not a violation of the duty imposed under the provisions of SDCL 31-32-10. In Jensen v. Hutchinson County, 84 S.D. 60, 166 N.W.2d 827, we said that SDCL 31-32-10 contemplates only damage to the driving portion of a highway and cannot be construed to apply to road signs. Appellant asks that we reconsider our decision in the Jensen case and adopt the views expressed by Judge Hanson, joined by Judge Homeyer, in dissent therein.

Overruling a prior decision, especially a relatively recent decision, is not something to be lightly done. After due consideration, however, we conclude that appellant's argument is well taken and that the majority in the Jensen case took too narrow a view of the duties imposed upon a governing body or board by SDCL 31-32-10. We adopt the reasoning expressed by Judge Hanson in his dissenting opinion in the Jensen case, from which we quote as follows:

"Obviously, the main obligation of a county under this statute [SDCL 31-32-10] is to repair all defects in a county highway which endanger the safety of public travel. Incidentally the statute also imposes a secondary duty upon the county to erect temporary guards over defects, where needed, until repairs are made.

\*　　\*　　\*　　\*　　\*　　\*

"Significantly, the warning signs involved in the Reaney and Dohrman cases had never been in existence so their absence could not be considered a defect which damaged, destroyed, or caused the highway to be out of repair. In the present action it is alleged a warning sign incident to the dangerous curve had originally been installed and maintained. During some road construction the warning sign was removed and never replaced.

"Unless the dangerous curve was eliminated by the road construction the county was under a duty to replace the warning sign as directed in SDC 1960 Supp. 28.0901 [now SDCL 31-28-6]:

'The public board or officer whose duty it is to repair or maintain any public highway shall erect and maintain at points in conformity with standard uniform traffic control practices on each side of any sharp turn, blind crossing, or other point of danger on such highway \* \* \* a substantial and conspicuous warning sign, which sign shall be on the right hand side of the highway approaching such point of danger \* \* \* '.

"It may be assumed that public authorities in the discharge of their duties under this statute have a measure of discretion in determining what curves, crossings, and other points of danger require a warning sign and failure to erect or install one is not ordinarily actionable, Reaney v. Union County and Dohrman v. Lawrence County, supra. However, in the present ac-

tion in the exercise of its governmental discretion the county determined the curve in question was dangerous and erected a warning sign. It then became a physical and integral part of the highway. As an appurtenant part of the highway the county had a continuing duty to maintain and keep the sign in reasonable repair for the safety of public travel, O'Hare v. City of Detroit, 362 Mich. 19, 106 N.W.2d 538. We may assume, of course, from the allegations of the complaint that the dangerous curve continues to exist and the county had actual or constructive notice of the defect. The situation is not unlike a warning, danger, or stop sign that has been knocked over, fallen down, destroyed, or removed by vandals. A negligent failure to repair or replace the same after notice of the defect would cause a highway to be 'out of repair' within the contemplation of our remedial statute." 84 S.D. at 67, 166 N.W.2d at 831.

In addition to the cases cited in Judge Hanson's dissent, see also Smith v. City of Preston, 97 Idaho 295, 543 P.2d 848; Fox v. City of Columbia, 260 S.C. 367, 196 S.E.2d 105.

 To the extent then that Jensen v. Hutchinson County, supra, holds that SDCL 31-32-10 includes damage only to the driving portion of a highway and does not contemplate that a highway can become out of repair by reason of the destruction of an existing road sign, that decision is overruled. We do not recede from the holdings in Dohrman v. Lawrence County and Reaney v. Union County, supra, that the failure of a governing board or body to install a road sign in the first instance does not give rise to a cause of action under SDCL 31-32-10 and 31-32-11.

 Whether the absence of the sign in question from its designated location caused the road to become out of repair, and, if so, whether such defect was a proximate cause of the accident, and whether the sign as placed at the intersection by Merle Klinkel constituted a "substantial guard" within the meaning of SDCL 31-32-10, cf. Lipp v. Corson County, 76 S.D. 343, 78 N.W.2d 172, are questions to be determined by the trier of fact. We hold only that a genuine issue of material fact exists for determination

and that respondents are not entitled to judgment as a matter of law.

In view of our holding, we do not reach appellant's argument that the doctrine of sovereign immunity be abolished or the claim that respondents are liable on the theory that the absence of the sign created a nuisance.

The order granting summary judgment in favor of the township and the township supervisors is reversed.

DUNN, C. J., and WINANS and COLER, JJ., concur.