165 N.J. Super. 79 (1979)
397 A.2d 709
THOMAS SUTPHEN, AN INFANT, BY HIS GUARDIAN AD LITEM, WILLIAM SUTPHEN AND WILLIAM SUTPHEN, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
ROBERT BENTHIAN AND THE VERNON TOWNSHIP BOARD OF EDUCATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1978.
Decided January 19, 1979.
*80 Before Judges MATTHEWS, KOLE and MILMED.
Mr. Erwin G. Goovaerts argued the cause for appellants (Messrs. Kovach & Fitzgibbons, attorneys; Mr. Goovaerts on the brief).
Mr. Richard I. Clark argued the cause for respondents (Messrs. Dolan & Dolan, attorneys; Mr. Clark on the brief).
PER CURIAM.
Plaintiffs appeal from a summary judgment entered against them dismissing their complaint in this personal injury action.
The essential facts are not in dispute. On March 4, 1975 the infant plaintiff, Thomas Sutphen, then a tenth grade student at the Loundsberry Hollow Middle School in the Vernon Township school system, was struck in the right eye *81 by a flying hockey puck causing a retinal detachment and eventual removal of the eye. At the time, he was engaged in a game of floor hockey in the school gym, an activity in which he was required to participate as a member of a physical education class. He sued defendants Robert Benthian, the physical education instructor at the time, and the township board of education, seeking damages for the injuries which he sustained. The thrust of his claim is that his injuries resulted from defendants' negligence in requiring him to participate in the hockey game, with an excess number of players on each team, in a playing area that was too small for the purpose and without providing him with, and requiring him to use, proper protective equipment during the contest. Plaintiff William Sutphen, the infant's father, sued per quod.
It is undisputed that the school authorities were aware from the time the infant plaintiff was registered for kindergarten that he had a sight deficiency in his right eye. His mother had supplied the information that when he was about two years old he was "injured by * * * a stick." It is also undisputed that at the time of the accident the school gym "was split in half by a wooden partition," and the "playing area" for the hockey game "was thirty yards long and maybe fifteen yards wide"; that the school did not provide the players with protective equipment "for the facial areas and the eyes," and that while safety glasses were available if requested by a student, the infant plaintiff made no such request.
Defendants moved for summary judgment, contending that (1) they are immune from liability under the applicable provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., and (2) in the circumstances, neither defendant owed any legal duty to the infant plaintiff. After hearing argument on the motion the trial judge commented:
After reviewing all of the authorities cited by counsel, hearing arguments on the matter, it appears to me that the present suit falls squarely within the immunity of a public entity for the exercise of discretion as set forth in N.J.S.A. 59:2-3. Accordingly, *82 I feel obliged to grant the motion for summary judgment, both as to the defendant, Board of Education, and the individual defendant, Benthian.
The judgment under review was thereupon entered and this appeal followed.
We reverse. The trial judge erred in holding defendants immune from suit by reason of "the exercise of discretion as set forth in N.J.S.A. 59:2-3." The conduct complained of by plaintiffs is clearly not the type of high-level policy decision contemplated by that section of the Tort Claims Act. See Costa v. Josey, 160 N.J. Super. 1, 10-11 (App. Div. 1978), certif. granted 78 N.J. 335 (1978). Similarly, N.J.S.A. 59:3-2, the counterpart of N.J.S.A. 59:2-3 for public employees, affords no immunity to the individual defendant Benthian.
The grant of summary judgment was entirely unwarranted. See R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954). As in Clayton v. Freehold Tp. Bd. of Ed., 130 N.J. Super. 198, 205 (App. Div. 1974), aff'd 67 N.J. 249 (1975), "[t]he case clearly presented questions of fact for determination by [a] jury * * *." Some of the more obvious issues requiring resolution are:
Whether the floor hockey game sponsored by defendants was an activity having "more than the basic elements of risk, due to the nature of the game"?
Whether participation in this activity required the wearing of protective equipment?
Whether, in the circumstances, the supervision provided was adequate?
Whether defendants were negligent in leaving to the infant plaintiff the decision to wear or not to wear a face mask and safety glasses?
Whether defendants were negligent in allowing the infant plaintiff, who they knew had defective vision in his right eye, to participate in a potentially dangerous activity without protective equipment?
Whether defendants had given the infant plaintiff adequate prior instruction in the skills and dangers of floor hockey?
*83 Whether defendants were negligent in organizing and sponsoring the floor hockey game to be played in a small area of the gym and with an excess number of players on each team?
Defendants' suggestion that they had no duty properly to supervise the floor hockey game is without merit. See Titus v. Lindberg, 49 N.J. 66 (1967); N.J.S.A. 59:2-2(a); N.J.S.A. 59:3-1. Beyond this, their claim that the negligence alleged against them was not a proximate cause of the infant plaintiff's injury, is clearly a matter to be determined at trial. Titus v. Lindberg, supra, at 76. Finally, their suggestion that the accident may have been caused by a "condition of property" is, in the circumstances, without substance.
The summary judgment under review is reversed and the cause is remanded for trial.