WOLLMAN, Chief Justice.
 

 Appellant appeals from an order dismissing defendants Bowers Construction, Inc. (Bowers) and Henry Township (township), and from a judgment entered in favor of Chicago and Northwestern Transportation Company (railroad).
 
 [1]
 
 We affirm.
 

 This was an action for damages arising out of an incident in which appellant’s garbage truck struck the underside of a railroad bridge owned by the railroad in Henry Township, Codington County. Appellant and one Mike Dailey operated a commercial garbage hauling business. Dailey’s regular route traversed the township road on which the railroad bridge is located. On December 29, 1977, at approximately 10:00 p. m., Dailey approached the bridge. He noticed
 
 *858
 
 that the road was snow packed, although it had been plowed and appeared to be passable.
 
 [2]
 
 As he drove the truck beneath the bridge the top of the garbage compactor struck the underside of the bridge, causing some $10,000 damage to the truck.
 

 Bowers had contracted with the township to clear the township roads with the exception of the railroad bridge underpass in question. Apparently, Bowers’ equipment was too large to pass beneath the bridge. Consequently, a township supervisor who lived near the bridge cleared the road under the bridge when necessary.
 

 The first issue we consider is whether the township’s failure to remove the accumulation of snow and ice from beneath the railroad bridge caused the highway to become out of repair. SDCL 31-32-10 reads:
 

 In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within forty-eight hours thereafter, substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter....
 

 In
 
 Dohrman v. Lawrence County,
 
 82 S.D. 207, 143 N.W.2d 865 (1966), and in
 
 Reaney v. Union County,
 
 69 S.D. 392, 10 N.W.2d 762 (1943), we held that the governing body’s failure to post signs warning of danger to motorists caused by a sharp curve or a steep hill is not a violation of the duty found in SDCL 31-32-10. Our most recent discussion of the statute is found in
 
 Kiel v. DeSmet Township,
 
 90 S.D. 492, 242 N.W.2d 153 (1976). In that case a sign warning of a dead end intersection had been knocked down. The sign was replaced at the intersection itself rather than at its original position 250 feet from the intersection. We held:
 

 Whether the ábsence of the sign in question from its designated location caused the road to become out of repair, and, if so, whether such defect was a proximate cause of the accident, and whether the sign as placed at the intersection .. . constituted a “substantial guard” within the meaning of SDCL 31-32-10 ... are questions to be determined by the trier of fact.
 

 90 S.D. 497, 242 N.W.2d 156.
 

 The considerations that prompted our holding in
 
 Kiel
 
 are not present here. The presence of snow on a township road in late December is not an altogether unexpected event. Although the presence of snow on a highway may indeed present a hazard to motorists, to hold that unremoved snow causes a township highway to become out of repair would constitute a remarkable extension of the duty imposed by SDCL 31-32-10, and we decline to so hold. Accordingly, the trial court did not err in dismissing the action against the township.
 

 The next issue before us is whether SDCL 31-27-18 imposes a statutory duty upon a railroad to establish and maintain a minimum clearance of fifteen feet beneath its undercrossings. The record discloses that the undercrossing in question afforded between eleven and twelve feet of clearance at the time of the accident. SDCL 31-27-18 provides in part: “The clearance or overhead room of any subway or under-crossing shall not be less than fifteen feet from top of finished grade to bottom of sills of overhead track or trusses.... ” This section does not name the party charged with the responsibility to establish and maintain the minimum clearance.
 

 SDCL ch. 31-27 covers the subject of railroad crossings. SDCL 31-27-4 provides:
 

 The department of transportation and boards of county commissioners shall
 
 *859
 
 eliminate all railroad crossings and all other dangerous places on the state trunk and county highway systems so far as practicable, by constructing undergrade or overhead crossings, relocating the highways or by use of such other means as may be necessary to safeguard the traveling public. The department of transportation shall determine the necessity for eliminating such dangerous crossings.
 

 A fundamental rule of statutory construction is that whenever possible, effect must be given to all provisions within a statute.
 
 State v. Heisinger, 252
 
 N.W.2d 899 (S.D.1977). The statutory minimum clearance for undercrossings set out in SDCL 31-27-18 must be read with the duty imposed by SDCL 31-27-4 upon the Department of Transportation and boards of county commissioners to eliminate dangerous-places on the state trunk and county highway systems. We hold, therefore, that the duty to establish and maintain a minimum clearance is placed upon the Department of Transportation and the boards of county commissioners and not on the railroad. Defendant railroad therefore breached no duty to appellant.
 

 The order and judgment are affirmed.
 

 All the Justices concur.
 

 [1]
 

 . Although appellant names Bowers as a party to the appeal, he makes no argument that the order dismissing Bowers should be reversed.
 

 [2]
 

 . A week before the accident Dailey was forced to take a different route because the road which passed beneath the bridge was blocked with snow.