LORETTA A. PICO, PLAINTIFF–APPELLANT, v. STATE OF NEW JERSEY AND TOWNSHIP OF WAYNE, DEFENDANTS–RESPONDENTS, AND COUNTY OF PASSAIC AND ERIC A. WALLER, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued February 3, 1988—Decided March 10, 1988.

Before Judges FURMAN, LONG and SCALERA.

*Michael S. Kopelman* argued the cause for appellant.

*Scott E. Rekant,* Deputy Attorney General, argued the cause for respondent State of New Jersey (*W. Cary Edwards,* Attorney General, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

*Michael L. Grabler* argued the cause for respondent Township of Wayne (*Lee Graham Karosen,* attorney).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

In granting summary judgment for defendants State of New Jersey and Township of Wayne, the trial court invoked the bar of weather immunity under the Tort Claims Act, *N.J.S.A.* 59:4–7:

> Neither a public entity nor a public employee is liable for an injury caused solely by the effect on the use of streets and highways of weather conditions.

Plaintiff's claim against defendant Waller was settled. She is not pursuing an appeal from summary judgment for defendant County of Passaic, which was based upon no county juris-

diction over Route 23, a State highway. We reverse summary judgment for defendant State and otherwise affirm.

The factual support in the record for plaintiff's claim is summarized as follows. Plaintiff was injured while commuting to work on Route 23 in Wayne shortly before 8 A.M. on January 24, 1984. Route 23 was glazed with ice from a freezing rain. Plaintiff's car skidded although she was proceeding cautiously at a slow speed. She regained control and pulled to the side of the road. She left her car with the intention of walking back to make a telephone call. In her deposition she described the road conditions as "slippery, very." As she walked around the back of her car she was struck and injured by defendant Waller's car which skidded sideways out of control.

Earlier that morning, just after 5 A.M., a Wayne police officer on duty telephoned the State Department of Transportation (DOT) in Newark to report the hazardous icy road conditions. The DOT report of emergency call, which was before the trial court on the summary judgment motions, recites that "icy conditions" on Route 23 in all of Wayne were reported by the Wayne police officer and that the information was given to Patrick Avino, the DOT foreman of maintenance at the Totowa maintenance yard, nearby Wayne, with the notation "he will handle." Route 23 extends for approximately five miles in Wayne Township.

The icy road conditions precipitated the accident in which plaintiff suffered her injury. Concededly, there was no contributing cause of the accident in the roadway itself, such as a depression or declivity in which an icy patch formed (*cf. McGowan v. Borough of Eatontown*, 151 *N.J.Super.* 440 (App. Div.1977)), or within the State's abutting right-of-way, such as a blocked up ditch impeding drainage (*cf. Meta v. Township of Cherry Hill*, 152 *N.J.Super.* 228 (App.Div.1977), certif. den. 75 *N.J.* 587 (1977)). Defendant State was exempt from liability for

a dangerous condition of its property under *N.J.S.A.* 59:4–2 because of the weather immunity of *N.J.S.A.* 59:4–7.

The statutory scheme of the Tort Claims Act is that immunity is the rule unless liability is specified and that liability under the act in turn is subject to any specific immunity under the act. *Malloy v. State,* 76 *N.J.* 515, 519 (1978).

In this action, liability, if any, of the State would rest not upon *N.J.S.A.* 59:4–2 but upon *N.J.S.A.* 59:2–2(a):

> A public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances.

Vicarious liability for ordinary negligence of a public employee is also set out in *N.J.S.A.* 59:2–3(d), the section of the act providing immunity for discretionary governmental decisions in the allocation of resources including equipment and personnel, in the face of competing demands. The final sentence of *N.J.S.A.* 59:2–3(d) clarifies that the immunity for discretionary decisions is inapplicable as a bar to a tort action against a public entity grounded in ordinary negligence under *N.J.S.A.* 59:2–2(a):

> Nothing in this section shall exonerate a public entity for negligence arising out of acts or omissions of its employees in carrying out their ministerial functions.

On the present record in the light most favorable to plaintiff, as it must be viewed on a motion for summary judgment, *see Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N.J.* 67, 73–75 (1954), a decision was made to allocate sanding or salting equipment and personnel to the icy, hazardous five mile stretch of Route 23 in Wayne Township, but that decision was not implemented. At the best for plaintiff, Avino, the Totowa maintenance foreman, undertook a ministerial duty for the protection of drivers on Route 23, such as plaintiff, to "handle" the traffic safety peril on Route 23 in Wayne and failed for nearly three hours to carry it out. Plaintiff has a right of action against the State for negligence of its employee under *N.J.S.A.* 59:2–2(a) for her injuries suffered in the icy roadway accident.

As a parallel, we held in *Rochinsky v. State Dept. of Transp.*, 214 *N.J.Super.* 525 (App.Div.1986), certif. granted 107 *N.J.* 124 (1987) and *Paternoster v. N.J. Transp. Dept.*, 190 *N.J.Super.* 11 (App.Div.1983), certif. den. 96 *N.J.* 258 (1983), that, although snow removal need not be undertaken because of the weather immunity, if it is undertaken liability may attach for negligence in the performance of a ministerial duty. *See also Bergen v. Koppenal,* 52 *N.J.* 478 (1968), a decision preceding the Tort Claims Act, which recognized jury questions whether a municipality assumed a duty to make safe an intersection with a misdirected traffic signal and, if so, whether that duty was breached by the police in failing to respond to the emergent road condition for almost three hours after notice.

■  *N.J.S.A.* 59:4–2 limits governmental liability for dangerous conditions of public property to circumstances where the action taken or failure to protect against such conditions was palpably unreasonable. *N.J.S.A.* 59:2–3(d), in turn, exempts from immunity discretionary decisions in the allocation of resources which were palpably unreasonable. Both legally and factually, the standard of palpable unreasonableness is inapplicable to this litigation: because of the weather immunity and because on the present record a decision to allocate resources may in fact have been reached by a responsible State employee. The appropriate standard, as we have said, is ordinary negligence.

■  In any event, defendant State for the purpose of its motion for summary judgment conceded a fact question of the palpable unreasonability of its failure to respond to the icy roadway emergency. The State rested its argument solely on . the weather immunity of *N.J.S.A.* 59:4–7. *A fortiori* the State would have conceded a fact question of unreasonability, that is, of ordinary negligence or lack of reasonable care under the circumstances.

If a factual determination is reached at trial that the State did not undertake a duty to make safe the icy roadway, the

State would be entitled to a verdict in its favor. If a factual determination to the contrary is reached, liability would be imposed against the State, pursuant to *N.J.S.A.* 59:2–2(a), upon a further factual determination that a State employee or employees were negligent in failing to perform that duty.

Because of the State's exclusive reliance on the weather immunity, the State offers no argument directed to the applicability of *N.J.S.A.* 59:2–2(a). We add the following. *N.J.S.A.* 59:2–2(a) limits vicarious governmental liability for the act or omission of a public employee "in the same manner and to the same extent as a private individual under like circumstances." Arguably, like circumstances would never arise for a private individual because private individuals or entities do not make commitments or undertake duties to sand or salt public highways for the protection of the traveling public.

■ That argument should be rejected. Decided cases in New Jersey have uniformly applied *N.J.S.A.* 59:2–2(a) to impose liability against governmental entities for acts or omissions of their employees in the performance of governmental functions, such as police investigation of a report of threats with a firearm, *Wuethrich v. Delia*, 134 *N.J.Super.* 400 (Law Div. 1975) aff'd 155 *N.J.Super.* 324 (App.Div.1978); police aid to automobile passengers stranded on the highway, *Saurez v. Dosky*, 171 *N.J.Super.* 1 (App.Div.1979), certif. den. 82 *N.J.* 300 (1980); school officials' supervision of students, *Longo v. Santoro*, 195 *N.J.Super.* 507 (App.Div.1984), certif. den. 99 *N.J.* 210 (1984); *Law v. Newark Bd. of Ed.*, 175 *N.J.Super.* 26 (App.Div. 1980); *Sutphen v. Benthian*, 165 *N.J.Super.* 79 (App.Div.1979); corrections officers' supervision of inmates and their responsibility for security at a corrections facility, *Flodmand v. Institutions and Agencies Dep't*, 175 *N.J.Super.* 503 (App.Div. 1980).

A rationale is that private individuals may incur liability under circumstances which are like, but not identical to, governmental activities, *e.g.*, private security guard duties. Parallel-

ing the present circumstances, a private individual who undertook a commitment to sand or salt a private road or driveway and did nothing might incur liability to someone who relied on that commitment to his detriment.

As for defendant Wayne Township, it had no obligation to sand or salt Route 23, a State highway; there is no evidence that any township employee undertook such commitment.

We affirm summary judgment of dismissal in favor of defendants Passaic County and Wayne Township. We reverse summary judgment of dismissal in favor of defendant State and remand for further proceedings not inconsistent herewith. We do not retain jurisdiction.