**Allen R. SCHOENWALD, Administrator of the Estate of Keith Schoenwald and Fred Schoenwald, Plaintiffs and Appellants,**

v.

**FARMERS COOPERATIVE ASSOCIATION OF MARION; Baldor Electric Company; Roger Conger; and Conger Construction Co., Inc., Defendants,**

**and**

**Mills Mutual Insurance Group; Millers National Insurance Company, a member of said group; Grain Dealers Mutual Insurance Company, Defendants and Appellees.**

**No. 17287.**

Supreme Court of South Dakota.

Considered on Briefs March 21, 1991.

Decided Sept. 4, 1991.

William A. Moore of Samp Law Office, Sioux Falls, for plaintiffs and appellants.

Gary Pashby of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, V. Owen Nelson, Kay Nord Hunt, Minneapolis, Minn., for defendants and appellees.

TICE, Circuit Judge.

This is an appeal from an order granting summary judgment to defendants Mills Mutual Insurance Group, Millers National Insurance Company and Grain Dealers Mutual Insurance Company (Mills Mutual).

The plaintiff, Allen R. Schoenwald (Schoenwald), appeals. We affirm.

## FACTS

Farmers Cooperative Association of Marion (Farmers Cooperative) operated a grain elevator facility in Marion, South Dakota. On November 2, 1985, an explosion occurred at the facility resulting in the deaths of three individuals including Keith and Fred Schoenwald. An investigation by a state deputy fire marshall revealed that the cause of the explosion was a combination of a defective bearing in the electric motor that operated a conveyor belt in the basement of the elevator and a high accumulation of grain dust in the motor.

At the time of the explosion, Mills Mutual provided property and casualty insurance coverage to Farmers Cooperative. Mills Mutual inspected the premises of the facility approximately two to three times per year and conducted an inspection approximately three months prior to the explosion. Mills Mutual made these inspections for the purposes of determining insurance rates and continued coverage of the facility. Mills Mutual would make suggestions to Farmers Cooperative concerning the safety of the plant and employees following each inspection.

Farmers Cooperative understood that the purpose of Mills Mutual's inspections were for Mills Mutual's underwriting and rate-setting. Farmers Cooperative developed and conducted its own inspection program entirely independent of Mills Mutual inspections. These inspections occurred at least weekly and sometimes daily.

Schoenwald, administrator of the estate of Keith and Fred Schoenwald, claims that the trial court erred in granting Mills Mutual's motion for summary judgment. He asserts that an issue of material fact exists as to whether Mills Mutual breached a duty of reasonable care in negligently inspecting the grain facility. This appeal concerns whether Mills Mutual owed a duty to use reasonable care in inspecting the premises of Farmers Cooperative.

## STANDARD OF REVIEW

In reviewing a trial court's grant of summary judgment, two questions must be asked to determine whether the summary judgment is proper. The first is whether there are genuine issues as to any material fact. The second is whether the moving party is entitled to a judgment as a matter of law. *Groseth Intern., Inc. v. Tenneco, Inc.*, 410 N.W.2d 159 (S.D.1987). The moving party has the burden of proof and the evidence must be viewed most favorably to the non-moving party with reasonable doubts resolved against the moving party. *Id.; Wilson v. Great Northern Railway Company,* 83 S.D. 207, 157 N.W.2d 19 (1968).

## DECISION

This court has not had the opportunity to address the issue of whether an insurer owes a duty to its insured to properly inspect. The focal point of the issue for this court is the nature, if any, of the duty owed by an insurance company to its insured. At the outset, we recognize that it is for the court to determine, as a matter of law, "the existence of a duty, *i.e.*, whether a relation exists between the parties such that the law will impose upon the defendant a legal obligation or reasonable conduct for the benefit of the plaintiff...." *Cuppy v. Bunch,* 88 S.D. 22, 26, 214 N.W.2d 786, 789 (S.D.1974). "Usually, the determination of whether a defendant owes a duty to a plaintiff does not require examination of the facts; it is a question of law and summary judgment is appropriate when the trial judge resolves the duty question in the defendant's favor." *Erickson v. Lavielle,* 368 N.W.2d 624, 627 (S.D.1985).

Merely because an individual or a company performs an inspection does not, in and of itself, create an obligation to perform such inspection in a non-negligent manner. *Smith v. Allendale Mut. Ins. Co.,* 410 Mich. 685, 303 N.W.2d 702 (1981); *Nelson v. Union Wire Rope Corporation,* 31 Ill.2d 69, 199 N.E.2d 769 (1964); *American Mut. Liabil. Ins. Co. v. St. Paul F & M Ins. Co.,* 48 Wis.2d 305, 179 N.W.2d 864

(1970); *Hartford Steam Boiler I. & Ins. Co. v. Pabst Brewing Co.*, 201 F. 617 (C.A.7 1912); and *Gooch v. Bethel A.M.E. Church*, 246 Kan. 663, 792 P.2d 993 (1990).

Whether there is a duty established in this case would fall within the parameters of Restatement (Second) of Torts § 324A (1965):

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

In *Cuppy v. Bunch, supra,* we considered whether § 324A of the Restatement (Second) should be adopted in South Dakota. While we held that the facts in *Cuppy* did not bring that case within the parameters of § 324A, we nonetheless accepted its applicability. While the issue in *Cuppy* was decided based upon the exercise of control over the circumstance or being capable of exercising control, the issue here is more complex.

Restatement (Second) § 324A deals with the rendering of services to another. For there to be a duty, those services must fall within the definition of sub-paragraphs a, b, or c. Schoenwald acknowledges that, under the circumstances of this case, these subparagraphs are not applicable. There is no suggestion that Mills Mutual's conduct increased the risk of harm, nor was any harm suffered because of reliance upon the inspections of Mills Mutual. The duty that Schoenwald asserts was breached, was in effect, an asserted duty owed by the insurance company to at least assist the grain elevator in providing a safe environment for its employees. If Mills Mutual undertook to perform such a duty (as was owed by Farmers Cooperative) then they may be held liable.

A number of cases have, indeed, held insurance companies so liable. *See Van Winkle v. American Steam–Boiler Ins. Co.*, 52 N.J.L. 240, 19 A. 472 (1890); *Hartford Steam Boiler I., supra; Nelson, supra;* and *American Mut. Ins. Co., supra.* In each of those cases, however, there were distinctive efforts by the insurance company to go beyond mere inspection for the purposes of determining insurability and premium.

*Nelson,* 199 N.E.2d at 776, involved a company that "constantly represented that those who insured with it would receive countless extra safety and monetary benefits through the services of defendant's 'safety experts' or 'safety engineers.'" It represented in its series of advertisements placed in national and trade publications, that the safety engineers took an active part in the safety programs of the insureds and saved lives, limbs and money. The inspections were planned, periodic, and directed to the safety of the employees on the project. In *Van Winkle, supra,* the insurance policy itself advised the insured that they would be appraised of any defects discovered. *Hartford, supra,* asserted that it would make inspections and help maintain a safe condition and immunity from explosion. *American Mut., supra,* 179 N.W.2d at 869, involved a situation where "there is evidence, which if believed on trial, would lead to the conclusion that the inspection service was accepted for the direct benefit of Menominee Enterprises." In each of these cases, the courts found the existence of facts that went beyond the mere inspection of the premises by an insurance company.

The facts, presented to the trial court in this case are far more restricted. There is no issue raised of any reliance on the part of Farmers Cooperative. Mills Mutual is not asserted to have done more than an occasional inspection for the purposes of determining insurability and rates. The fact that Mills Mutual would periodically advise Farmers Cooperative of defects was

only collateral to its interest and purpose in determining whether to provide coverage and rates.

The facts before this court and the trial court are more analogous to those presented in *Smith, supra.* The court there said, "Absent evidence supporting a conclusion that the insurers agreed or intended to provide inspection services for the employers' benefit, the threshold element of duty—which in a case based upon § 324A flows from an *undertaking to render services to another*—is lacking." 303 N.W.2d at 710. (emphasis original). The court went on to state, "It is not enough that the insurer acted. It must have undertaken to render services to another. Its acts do not constitute such an undertaking unless it agreed or intended to benefit the insured of its employees by the inspections." 303 N.W.2d at 711. Merely because Farmers Cooperative would receive a benefit from Mills Mutual's inspections by way of comment of observations on safety problems does not establish the intent or action to perform a duty of providing a safe working environment on behalf of Farmers Cooperative. The presentation of that information is purely collateral to the purposes of the inspections. Mills Mutual created no anticipation or expectation on behalf of Farmers Cooperative that their inspections were done for the purposes of providing a safe environment. Indeed, were this court to hold that the relaying of information concerning safety of the premises would create liability on the part of the insurance company, such a decision might well cause an insurance company to choose to not relay that information for fear that by doing so it would create a duty upon itself which it would not otherwise have had. Our purpose should be to encourage the distribution of information concerning possible jeopardy, not to discourage it by creating a previously nonexisting duty. *See also Cunningham v. Continental Cas. Co.,* 139 Mich.App. 238, 361 N.W.2d 780 (1984) and *Staffney v. Michigan Millers Mut. Ins. Co.,* 140 Mich.App. 85, 362 N.W.2d 897 (1985).

The trial court was correct in finding that, under the circumstances of this case, Mills Mutual did not undertake to perform a duty owed by another. They were simply performing inspections exclusively for the benefit of Mills Mutual. The trial court's granting of summary judgment to Mills Mutual is affirmed.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.

TICE, Circuit Judge, for WUEST, J., disqualified.