Arpie BLAND and Kenneth Bland,
Plaintiffs and Appellants,

v.

DAVISON COUNTY, Defendant
and Appellee.

No. 18002.

Supreme Court of South Dakota.

Considered on Briefs on Feb. 8, 1993.

Decided Oct. 20, 1993.

Rehearing Denied Nov. 24, 1993.

N. Dean Nasser, Jr., Nasser Law Offices, William F. Day, Jr., Lynn, Jackson, Shultz & Lebrun, Sioux Falls, for plaintiffs and appellants.

Douglas M. Deibert, Cadwell, Sanford & Deibert, Sioux Falls, for defendant and appellee.

HENDERSON, Justice.

*PROCEDURAL HISTORY/ISSUES*

This appeal arises from a grant of summary judgment to Davison County (County) on June 11, 1992, negating Arpie Bland's (Bland) claim that County's alleged negligent maintenance of its roads caused her injuries after her automobile slid off an icy section of county road. Her husband, Ken, also a party to this suit, claims loss of consortium. Upon the trial court's finding that there was no legal duty which would allow recovery,[*] Bland filed Notice of Appeal on July 22, 1992, raising the following issues:

I. Do SDCL 31–12–19, SDCL 31–12–26, and the common law create a duty on the part of County to properly and adequately maintain its roads, the breach of which gives rise to a cause of action?

II. Does SDCL 31–32–10 create a duty on the part of County to adequately maintain its roads, the breach of which gives rise to a cause of action?

Upon review, under SDCL 31–12–19, we find that a jury question remains as to whether Davison County's maintenance of its icy roads was performed with reasonable and ordinary care. We reverse and remand.

_____

[*] Davison County did not raise sovereign immunity as a defense nor was it postured as an issue in the briefs presented to this Court.

## FACTS

On January 6, 1990, Bland apparently lost control of her vehicle while crossing an icy section of Davison County Road # 23 between two shelterbelts of trees. This county road is not a part of the state trunk highway system. After sliding off the road, the vehicle rolled, and resulting injuries left her paraplegic.

These two shelterbelts keep this icy section of road in constant shade. As Bland notes in her brief, every year a snowfall covers this section of highway resulting in an ice-packed surface. Additionally, both she and County were aware of the potentially dangerous conditions. Although County has adhered to a policy of sanding curves, bridges, hills, and intersections with stop signs, it does not, as a practice, additionally sand in other areas. Thus, County does not sand this stretch of road. Bland maintains that an icy patch existed at this section for six weeks. It is the County's inaction which Bland claims to be the breach of duty which resulted in her injuries.

## DECISION

Summary judgment may be granted only where there is no genuine issue of material fact. *Erickson v. Lavielle*, 368 N.W.2d 624 (S.D.1985); *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). Although negligence actions are not generally suited for summary disposition, *Myers v. Lennox Co-op. Ass'n*, 307 N.W.2d 863 (S.D. 1981), such result is proper when the duty question is resolved in the defendant's favor. *Schoenwald v. Farmers Cooperative Association*, 474 N.W.2d 519 (S.D.1991). It is well settled that the existence of such a duty is a question of law, and thus subject to *de novo* review. *Brown v. Egan Consol. Sch. Dist. 50-2*, 449 N.W.2d 259 (S.D.1989). Therefore, we must determine if a relationship exists between the parties such that the law will impose upon the defendant a legal obligation or reasonable conduct for the benefit of the plaintiff. *Schoenwald* at 520; *Cuppy v. Bunch*, 88 S.D. 22, 214 N.W.2d 786 (1974).

■ Essentially, Bland asks this Court to determine if County's duty to properly and adequately maintain its roads includes the removal of ice and snow as pertains to this case. Duty is broadly outlined under SDCL 31–12–19 which provides:

> It shall be the duty of the board of county commissioners to *maintain properly and adequately the county highway system* within the county by contract or day labor on all or different portions of the same as the board of county commissioners may deem most expedient, and to maintain any secondary highways according to any agreement made by it in consideration of federal aid received for construction and improvement of such highways. (Emphasis added).

Statutorily, County is expressly required to "maintain properly and adequately the county highway system." *See Kiel v. De-Smet Township*, 90 S.D. 492, 242 N.W.2d 153 (1976); *Bailey v. Lawrence County*, 5 S.D. 393, 59 N.W. 219 (1894) (In the absence of an express statute holding a county liable for damages caused by an alleged breach of duty, no action by a private individual exists). Although this language does not *expressly* so provide, County's maintenance program does include tending to ice and snow on hills, curves, bridges, and at stop signs. While it does not dispute a duty to maintain roads, County does reject the assertion that it should maintain snow and ice beyond the current practice and statutory directives. *See* SDCL 34–5–4 (The board of county commissioners with the county highway superintendent shall be the sole judge as to the necessity of snow removal and shall exercise full discretion with decisions relative thereto). We cannot infer from the statutes that County has permission to idly stand by while hazards knowingly exist on its roads.

■ Certainly, County is not to blame for climatic conditions and is under no duty to remove all snow and ice that obstruct travel on its roads. However, under common law, negligence occurs when one fails to exercise that care which an ordinarily prudent or reasonable person would exercise under the same or similar circumstances, commensurate with existing and surrounding hazards. *Lovell v. Oahe Elec. Co-op.*, 382 N.W.2d 396 (S.D.1986); *Doyen v. Lamb*, 74 S.D. 126, 49

N.W.2d 382 (1951). Thus, a question remains as to whether County applied, under its legal obligation to "maintain properly and adequately the county highway system," reasonable and ordinary care in its snow and ice removal practice in light of the particular situation which it faced. *Koehler v. State,* 263 N.W.2d 760 (Iowa 1978); *Ehlinger v. State,* 237 N.W.2d 784 (Iowa 1976); 4 Blashfield Auto Law § 163.11 (3d ed. 1965).

■ Should the road become defective and unsafe due to the accumulation of ice and snow, however, County could be in violation of its maintenance duties if it is shown that County had ample time and notice to correct the condition. *Farrell v. State,* 46 A.D.2d 697, 359 N.Y.S.2d 922 (1974); *Meta v. Township of Cherry Hill,* 152 N.J.Super. 228, 377 A.2d 934 (App.1977); *Ewald v. City of South Bend,* 104 Ind.App. 679, 12 N.E.2d 995 (1938). Although a highway department usually does not have the duty to remove ice from the highway, the department can be held liable for its negligence in permitting a dangerous situation to continue without attempting to remedy or guard against the danger. *Jones v. Commonwealth, Dept. of Highways,* 520 S.W.2d 749 (Ky.1975). Counties should keep the highways in a reasonably safe condition. *See* SDCL 31–12–19. *Cf. Homan v. Chicago & Northwestern Transp. Co.,* 314 N.W.2d 861 (S.D.1982) (plaintiff's action was predicated upon a theory that a township's road was "out of repair" (SDCL 31–32–10) and rejected.) This action centers on an alleged breach of duty under SDCL 31–12–19. The reasonable length of time to remedy unsafe conditions, as well as the application of the reasonable and ordinary maintenance procedure, depend on the facts and circumstances of each case. Such considerations are questions for the jury. *Koehler* at 765; *Ehlinger* at 788; 4 Blashfield Auto Law § 163.11 (3d ed. 1965).

Viewing the evidence most favorably to the non-moving party, Bland, we find that evidence of an accumulation of snow or ice over a long period of time on a highway may present a hazard to motorists and creates a jury question as to the ordinary and reasonable maintenance provided by County. *Schoenwald* at 520.

Reversed and remanded.

MILLER, C.J., concurs.

WUEST and SABERS, JJ., concur specially.

AMUNDSON, J., dissents.

WUEST, Justice (concurring specially).

The County has liability insurance, therefore, sovereign immunity is not applicable in this case since SDCL ch. 21–32A has eliminated sovereign immunity to the extent liability insurance coverage exists. Nor is it an "out of repair" case sanctioned by SDCL 31–32–10. Rather, this case falls within the provisions of SDCL 31–12–19 because in purchasing liability insurance, the County has waived sovereign immunity. While SDCL 31–12–19 does not set forth every specific procedure a county must use to maintain the highways, it does impose a mandatory duty to "maintain *properly and adequately* the county highway system." Thus, there is no question as to whether a duty exists; the question is whether failure to remove snow from or sand a known icy patch for six weeks is properly and adequately maintaining the county highway system. This is an ordinary negligence case, subject to the issues of proximate cause, contributory negligence, if any; and possibly, assumption of the risk.

Courts in other jurisdictions have determined failure to maintain a known icy, snowy roadway in a timely manner gives rise to governmental liability. *Pico v. New Jersey,* 223 N.J.Super. 446, 538 A.2d 1299, 1301 (App.Div.1988) (reversing summary judgment for the state where failure to salt or sand icy patch for over three hours destroyed state's immunity for conditions created by weather); *Koehler v. Iowa,* 263 N.W.2d 760, 765 (Iowa 1978) (finding no liability for failure to maintain roadway where state made reasonable, timely efforts to remove snowdrifts day after disastrous blizzard); *Alaska v. Abbott,* 498 P.2d 712, 716 (Alaska 1972) (holding that failure to adequately sand known dangerous curve was failure to properly maintain highway; once the decision was

made to maintain the highway, discretion did not include choosing to do so in a negligent manner); *Fincher v. New York*, 19 A.D.2d 762, 241 N.Y.S.2d 504, 506 (1963) (holding that the state's failure to sand ice created by shade from rock overhang, on otherwise clear, dry highway, resulted in liability for both failure to maintain and failure to warn).

Likewise, in the present case, the question of whether the County's failure to sand or remove a known ice patch for six weeks breached its duty to properly and adequately maintain the road is a question of fact for the jury.

SABERS, J., joins this special writing.

AMUNDSON, Justice (dissenting).

SDCL 31–12–19 requires Davison County to "properly and adequately" maintain its highway system. What maintenance is required is not specifically defined in the statute. Webster's Third New International Dictionary defines "maintain" as "to keep in a state of repair." I would hold that SDCL 31–12–19 places no more duty on Davison County than is required by SDCL 31–32–10. To hold that a county is liable for unremoved snow or ice anywhere on its highway system certainly extends the potential for liability beyond the generic duty imposed in SDCL 31–12–19.

As stated in *Homan v. Chicago & Northwestern Transp. Co.*, 314 N.W.2d 861, 862 (S.D.1982):

> The presence of snow on a township road late in December is not an altogether unexpected event. Although, the presence of snow on a highway may indeed present a hazard to motorist, to hold that unremoved [ice] causes a [county] highway to become out of repair would constitute a remarkable extension of the duty imposed by SDCL 31–32–10[.]

To require a county to remove all snow and ice from its highways under SDCL 31–12–19 extends the maintenance requirements of this statute much farther than can be discerned from a simple reading of the statute. This is especially true considering South Dakota's often harsh climate. Therefore, I decline to extend such an interpretation to this maintenance/repair statute and would affirm the trial court.