REANEY, Appellant, v. UNION COUNTY, Respondent

(10 N. W.2d 762.)

(File No. 8633. Opinion filed August 20, 1943.)

Rehearing Granted October 6, 1943.

**Danforth & Danforth,** of Sioux Falls, for Appellant.

**Clifford C. Oden** and **O. C. Donley,** both of Elk Point, for Respondent.

SMITH, J. Plaintiff claims damages from the county under SDC 28.0913 for severe injuries received while riding as a passenger in an automobile over the county highway system. While traveling at a speed of about twenty miles an hour the car was precipitated through the guard rail of a wooden approach to a steel bridge which spans the Big Sioux in the vicinity of Elk Point. Darkness and sifting snow limited the visibility at the time of the accident. An insubstantial guard rail and a sharp left hand curve leading immediately to a narrow wooden approach to the bridge rendered the highway dangerous and unsafe, according to the contentions of plaintiff. Error is predicated upon the ruling of the trial court granting the county's motion for a directed verdict.

Whether, in enacting SDC 28.0913, the legislature intended to abridge the liability of counties for injuries resulting from defects in the county highway system is the principal question presented by the appeal.

That a county is not liable under the common law for injuries to persons or property proximately caused by its negligent construction, maintenance, or repair of a county highway, and that, prior to the 1939 revision, liability of a county for such negligence rested solely on the provisions of §§ 8589 and 8590, Rev. Code 1919, as amended by Ch. 167, Laws 1931, is conceded. See Robinson v. Minnehaha County, 65 S. D. 628, 277 N. W. 324. By § 8590 a county was rendered liable to any person who sustained injury to person or property by reason of the county's negligence in performing the duties described by § 8589, supra. By that section it was provided as follows: "Guards Erected—Repairs. It shall be the duty of the governing body of every city, incorporated town and of the board of county commissioners in the territory not included in any such city or town, to keep the public highways, culverts and bridges in such condition as to render them safe, passable and free from danger of accident or injury to persons or property while in the lawful use thereof, and in case any highway, culvert or bridge shall become, in whole or in part, destroyed or out of repair by reason of floods, fires or other cause to such an extent as to endanger the safety of the public, it shall be the duty of such governing body or board, upon receiving notice thereof, to cause to be erected for the protection of travel and public safety, within twenty-four hours thereafter, substantial guards over such defect or across such highway of sufficient height, width and strength to warn and guard the public from accident or injury, and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert or bridge as provided in this article."

These two sections of the Revised Code of 1919 were replaced by SDC 28.0913. The revised text reads as follows:

"Defective highways, bridges, culverts: duty of county, township, or municipality to guard and repair; action for damages by person injured. In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such an extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within twenty-four hours thereafter, substantial guards over such defect or across such highway of sufficient height, width and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert, or bridge in like manner.

"Any person who shall sustain injury to person or property by reason of any violation of this section shall have a cause of action against the county, township, city or town as the case may be for such damages as he may have sustained."

It will be observed that the revision omits the provision of § 8589, supra, charging the county with the duty "to keep the public highways, culverts and bridges in such condition as to render them safe, passable and free from danger of accident or injury to persons or property while in the lawful use thereof;" and retains the provisions charging it with the duty to guard and repair highways which become in whole or in part destroyed or out of repair by reason of floods, fires, or other causes, and with the duty to guard abandoned highways. The county maintains that this omission is indicative of an intention to narrow the scope of its liability for negligence in highway maintenance.

The revision under consideration is part of a true revision of our statutory law; it was enacted by the legislature. Ch. 226, Laws 1939. Except for the additional statutes enacted at the 1939 session, the 1939 Revised Code, as of its

effective date, became the sole repository of our statutory law. It is a legislative enactment we are to construe.

Pointing to the revisors' notes, and to the universally accepted presumption that original meanings were intended to be re-expressed and persist in a revision, the plaintiff contends that the cited revision effects no change in our law.

■ In our opinion, plaintiff's argument places undue weight upon the presumption on which it is bottomed. It is frequently said: "A mere change of phraseology, or punctuation, or the addition or omission of words in the revision or codification of statutes, does not necessarily change the operation or effect thereof, and will not be deemed to do so unless the intent to make such change is clear and unmistakable." 59 C. J. 894, § 493; Crawford on Statutory Construction 665, § 324. This statement of principle makes plain the true office of the presumption and marks the limits of its effective force. It is an aid to, or canon of, construction or interpretation.

■ While, in a limited sense, we exert our power of construction whenever we declare clearly expressed meanings, it is in the field of ambiguity where that power is truly operative. It is only in this field of uncertainty that the presumption to which plaintiff adverts has potential. It is without force in the face of clear and exact expression and cannot justify a conclusion which revives that which has expired because of omission. 25 R. C. L. 924, § 175; Boyd v. Smyth, 200 Iowa 687, 205 N. W. 522, 43 A. L. R. 1381. Neither can it justify the reading of meaning from words they utterly fail to convey. Even though we may believe an omission has arisen from oversight or error, the presumption does not invest us with power to cure the resulting legislative mistake.

■ Returning to the problem of construction. The revised text is not a mere rearrangement of the substance of the old statutes. We are not dealing with a change of phraseology and punctuation. It is not just a case of the omission of words; meaning has been obliterated. The

broad general duty to maintain a reasonably safe highway has been eliminated, and the specific duty to guard and repair a damaged or destroyed highway has been retained. To read the more extensive duty, out of language which clearly and plainly but describes the lesser duty, would be to distort the words employed by the legislature. This we are not at liberty to do. The conclusion is unavoidable that the liability of the county has been abridged by revision.

 For the purposes of this opinion it may be assumed that the county had been derelict in its duties, viz., that it had failed to install adequate signs warning of the danger incident to a sharp curve leading immediately to a narrow approach to a bridge; and that the guard rail of the approach was not as substantial as the statute contemplates. SDC 28.1412. However, these derelictions on the part of the county cannot, by legitimate construction, be brought within the embrace of the language of SDC 28.0913. The highway did not become defective in the described respects because it had "become * * * destroyed or out of repair by reason" of any cause. These defects were inherent in the design or plan of the highway the county provided the public, and we conclude that the present statute does not afford plaintiff a remedy for injuries proximately caused thereby.

The judgment of the learned trial court is affirmed.

All the Judges concur.