LIPP, Appellant v. CORSON COUNTY, Respondent

(78 N.W.2d 172)

(File No. 9543. Opinion filed August 24, 1956)

344

**Archie R. Moore,** McIntosh, **Jackson & Krause,** Lemmon, for Plaintiff and Appellant.

**R. W. Tschetter,** States Atty., McLaughlin, **Morrison & Skaug,** Mobridge, for Defendant and Respondent.

RENTTO, J. Plaintiff was injured in a nighttime motor vehicle mishap on a road which was a part of the highway system of the defendant county at a point thereon where the county was repairing a bridge. He brought this action to recover for personal injuries claiming that his damage was caused by the county's failure to erect a proper guard across the highway. The county denied the alleged dereliction. This issue was submitted to the jury together with the county's other defenses of contributory negligence and voluntary assumption of risk. The jury returned a general verdict for the county and plaintiff appeals from the judgment entered thereon. The errors assigned present the single question of whether the barrier erected by the county was a legally sufficient guard. His specific complaint is that the county failed to incorporate therein any flares or other illuminating devices during periods of darkness.

The highway involved is an east-west road and at the time of the accident plaintiff was traveling east thereon as a passenger in a truck. According to the evidence on the part of the county it had started to repair the bridge in question on the morning of the day of the mishap. Before doing any work on the bridge its employees erected a barricade across the highway at a north-south road intersection about three-fourths of a mile west of the bridge. At that point a steel fence post was driven into the ground on each shoulder of the road and a 2 x 6 plank 18 feet long was fastened to these posts between 3 and 4 feet above the road surface. This plank extended across the entire width of the road. On it was painted the following: "Detour one mile north and one mile east and one mile south". Securely attached to the plank and suspended therefrom over the middle of the road was a red flag about 3 feet square. Another flag about 18 inches square was displayed on a short standard along the south side of the road in the vicinity of the barricade. About 500 feet to the west thereof another flag was similarly displayed.

■ The testimony does not paint a clear picture of the grade of the road from the detour sign to the bridge except that for a distance west of the bridge it is a little higher than the bridge and slopes toward it. However the photographs in evidence suggest that this portion of the road is fairly level. On the day of the mishap the county crew quit work on the bridge at about 5:00 p. m. The caterpillar crawler tractor which they had been using in their work was left on the road surface just west of the bridge. On the front of the tractor was a shiny steel dozer blade 10 feet long and 3 feet high and on the rear was a pile driving attachment with a boom that extended 19 feet above the ground. The dozer blade faced to the west—toward the detour sign. Plaintiff suffered his injuries when the truck in which he was riding collided with the tractor. The testimony of the plaintiff and his driver was to the effect that they did not see the barrier which the county claimed it had erected but at about that point their truck was jolted in a manner to indicate that it passed over a board in the road. In view of the verdict we must accept the county's evidence concerning the barrier.

■■ The duty of the county to protect the public from injury occasioned by highways, culverts or bridges that are destroyed or out of repair is not imposed by the doctrine or rules of common-law negligence. It is a statutory duty imposed by the provisions of SDC Supp. 28.0913. Reaney v. Union County, 69 S.D. 392, 10 N.W.2d 762; Williams v. Wessington Twp., 70 S.D. 75, 14 N.W.2d 493; Turner County, S.D. v. Miller, 4 Cir., 170 F.2d 820. Accordingly its liability is determined by applying the standard of conduct imposed by statute rather than the standard of conduct of a reasonably prudent person. The duty of the county is therein declared to be to erect "substantial guards over such defect or across such highway".

■ The word substantial is a relative term the meaning of which varies according to the circumstances in which it is employed. Plaintiff suggests that the words "substantial guard" as used in this statute should be construed to mean a guard that will substantially protect the public from the dangers with which the statute is concerned. With this

construction as his premise he argues that lights and illuminating devices are required for the substantial protection of nighttime travel. It may well be that this is what the legislature should have required, especially where the interruption in the use of the highway is only temporary. However, it must be observed that this statute also requires similar guards on a permanent basis to protect against defects in abandoned highways, culverts and bridges. But, in any event, it is not for this court to say what should have been done. That is for the legislature. Our only function in this regard is to declare the duty which it has by this legislative enactment imposed on the county.

 One of the meanings of the word "substantial" is having good substance; strong, stout; solid; firm, as substantial cloth; a substantial fence. Webster's New International Dictionary of the English Language, 2nd Ed. unabridged. We believe that this is the sense in which it is used in SDC Supp. 28.0913. Admittedly the term "substantial guard" standing alone is somewhat general in its sweep. However the legislature in this statute goes on to make its meaning specific by providing that the substantial guards should be "of sufficient height, width and strength to guard the public from accident or injury". We are unable to discern in this legislative declaration any requirement for lights or illuminating devices. This language seems to us so plain and unambiguous as to afford no basis for the exercise of our powers of statutory construction. State ex rel. Widdoss v. Esmay, 72 S.D. 270, 33 N.W.2d 280. If the legislature had intended to require flares or illuminating devices as urged by plaintiff it would have been a simple matter to so declare. The jury was warranted in concluding that the guard provided satisfied the statutory requirements.

As an alternative ground for his position plaintiff offered in evidence sections 4.6 and 7.9 and supplements thereto, of a publication entitled "Standard Specifications for Roads and Bridges" issued by the State Highway Commission of South Dakota. These sections are concerned with "maintenance of detours" and "barricades, warning and detour signs". They require the use of illuminating devices at night in the maintenance of highway barriers and detours provided

in connection therewith. These were admitted in evidence over the county's objection that they did not apply to the bridge repair here involved. At the close of all the testimony the county, on the same ground, moved that these exhibits be stricken. This was sustained.

■ In support of this position plaintiff directs our attention to that portion of SDC 28.0207 which provides that the State Highway Commission "shall advise and adopt standard plans and specifications for road, bridge, and culvert construction and maintenance suited to the needs of the different counties of the state and furnish the same to the several county superintendents of highways". He claims that these exhibits were promulgated pursuant to this authority, and that in consequence of the provisions of SDC 28.0306 it became the duty of the county in maintaining the barrier in question to provide illuminating devices. In other words, he urges that the latter section made it the duty of the county to provide a barrier that conformed to the standards adopted by the Highway Commission, as reflected in the stricken exhibits. The precise grounds on which the trial court struck the exhibits do not appear. However on this record it would have been justified in concluding that these exhibits were not adopted pursuant to that portion of SDC 28.0207 above quoted. The publication itself is proof that its contents apply only to contractors performing highway work for the State of South Dakota pursuant to plans and specifications.

■ Even if it be assumed that these exhibits were adopted pursuant to the quoted portions of SDC 28.0207 nevertheless his position cannot be sustained. The second paragraph of SDC 28.0306 on which he relies provides: "Before any permanent improvement is undertaken upon the county highway system, the county highway superintendent shall, under the general direction of the board of county commissioners where deemed necessary, make or have made a survey and prepare or have prepared plans, specifications, and estimates for the improvement. Such survey, plans, specifications and estimates shall be prepared according to standards to be prescribed by the Commission, and shall be on the basis and with the object in view of permanent im-

provement, each as to bridge, culvert, tile, and road work." Under this authority the plans and specifications mentioned are required only "where deemed necessary". There is nothing in this record to show that the making of a survey or the preparation of plans, specifications and estimates for the repair of the bridge involved had been "deemed necessary". The county was therefore authorized to perform this work without plans or specifications. Consequently the standards adopted by the Highway Commission could have no bearing on the manner in which the work was to be done. In fact it does not appear that the improvement undertaken was a permanent improvement.

The exhibits were properly stricken. This conclusion disposes of plaintiff's contention. Accordingly it is unnecessary for us to decide whether requirements for illuminating highway barriers and detours are included within the phrase "plans and specifications for road, bridge, and culvert construction and maintenance" as used in SDC 28.0207.

Judgment affirmed.

All the Judges concur.