DOHRMAN, Appellant

v.

LAWRENCE COUNTY et al., Respondents

(143 N.W.2d 865)

(File No. 10276. Opinion filed July 1, 1966)

**Milek & Brown,** Sturgis, for plaintiff and appellant.

**Costello, Porter, Hill, Banks & Nelson,** Rapid City, **D. O. Dilla-vou,** Lawrence County State's Atty., Deadwood, for defendants and respondents.

HOMEYER, Judge.

In this action, plaintiff as special administrator of the estate of Donald Zimmerman, deceased, seeks damages for an alleged wrongful death from the defendants, Lawrence County and its highway superintendent. A motion to dismiss made in the de-

fendants' answer and heard before trial was granted and the plaintiff appeals.

The complaint alleges the decedent on September 30, 1962, was driving an automobile on a county road about four miles west of Lead, South Dakota; that he was unfamiliar with such road; that at a sharp curve on a steep hill he drove off the road and was killed; that defendants were negligent in failing to keep and maintain said road in a reasonably safe condition and in not posting it with warning signs and such neglect caused the death; that defendants had notice and knowledge of the condition of the road for several years before the accident.

 At common law no right of action existed against a county for recovery of damages resulting from a defective highway or bridge and the source of liability in this state for damages of this character is statutory. Bailey v. Lawrence County, 5 S.D. 393, 59 N.W. 219; Hanigan v. Minnehaha County, 47 S.D. 606, 201 N.W. 522; Brown v. Roberts County, 49 S.D. 173, 206 N.W. 479; Clementson v. Union County, 63 S.D. 104, 256 N.W. 794; Robinson v. Minnehaha County, 65 S.D. 628, 277 N.W. 324. The applicable statute is SDC 1960 Supp. 28.0913:

"In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within forty-eight hours thereafter, substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert, or bridge in like manner.

"Any person who shall sustain injury to person or property by reason of any violation of this section shall

have a cause of action against the county, township, city, or town as the case may be for such damages as he may have sustained."

This statute prescribes the nature and extent of the duty imposed upon the county to protect the public from injury occasioned by defective highways and bridges and consequently the standard of care cannot be predicated on principles of common law negligence. The county's liability must be determined from the standard of conduct imposed by the statute and not the standard of a reasonably prudent person. Lipp v. Corson County, 76 S.D. 343, 78 N.W.2d 172. By explicit provision, a cause of action against the county is granted to any person injured by reason of the violation of the duty fixed by statute.

Before the 1939 revision the statutory duty imposed by legislative enactment, Sections 8589, 8590, Rev.Code of 1919, included the broad duty to render highways "safe, passable and free from danger of accident or injury to persons or property while in the lawful use thereof." The legislature saw fit in its adoption of the 1939 revision to curtail such duty and it is now established law in this state that the county's obligation is confined to "the specific duty to guard and repair a damaged or destroyed highway." Reaney v. Union County, 69 S.D. 392, 10 N.W.2d 762. See also Lipp v. Corson County, supra; Jackson County, S. D. v. Dufty, 8 Cir., 147 F.2d 227; Turner County, S. D. v. Miller, 8 Cir., 170 F.2d 820.

An examination of plaintiff's complaint reveals no allegation sufficient to bring it within the embrace of SDC 1960 Supp. 28.0913 and consequently no cause of action was stated against the defendant county. A failure to install adequate signs warning of danger incident to a sharp curve or a steep hill is not a violation of duty under the statute. Referring to derelictions of this type in the Reaney case this court said: "The highway did not become defective in the described respects because it had 'become * * * destroyed or out of repair by reason' of any cause. These defects were inherent in the design or plan of the highway the county provided the public, and we con-

clude that the present statute does not afford plaintiff a remedy for injuries proximately caused thereby."

■ The highway superintendent of Lawrence County is a public officer appointed by the board of county commissioners. SDC 1960 Supp. 28.0304; Griggs v. Harding Co., 68 S.D. 429, 3 N.W.2d 485. The complaint does not attempt to allege facts tending to show individual or personal negligence on his part. He is made a defendant only in his official capacity as county highway superintendent. His liability, therefore, is subject to the same statutory limitation as that of Lawrence County. Spielman v. State, N. D., 91 N.W.2d 627; Swartzwelter v. Iowa Southern Utilities Corporation, 216 Iowa 1060, 250 N.W. 121; Restatement of the Law, Agency, 2d Ed., § 347(2).

Plaintiff's brief and argument in this court has been directed largely towards the abolition of the doctrine of governmental immunity from tort liability. We are not advised of the basis for the trial court's dismissal of the action; nevertheless, for the reasons stated, we are not here confronted with this proposition. The legislature in enacting SDC 1960 Supp. 28.0913 and its predecessor statutes prescribed the duty counties owe the public as to highways, culverts, and bridges and removed the defense of governmental immunity when such duty is violated. This power rested with the legislature. In courts where it was said the defense of governmental immunity was first created by and should likewise be abrogated by judicial decision, the power of the legislature to establish or reinstate such defense is recognized. "If the legislature deems it better public policy, it is, of course, free to reinstate immunity. The legislature may also impose ceilings on the amount of damages or set up administrative requirements which may be preliminary to the commencement of judicial proceedings for an alleged tort." Holytz v. City of Milwaukee, 17 Wis.2d 26, 115 N.W.2d 618. See also Spanel v. Mounds View School District, 264 Minn. 279, 118 N.W.2d 795, and Molitor v. Kaneland Community Unit, Dist., 18 Ill.2d 11, 163 N.E.2d 89, 86 A.L.R.2d 469. In Molitor, the Illinois court applied the rule to the case at hand and then limited it to cases arising out of future occurrences; however, the legislature later either retained or reinstated immunity, or limited liability, for most of its

governmental subdivisions. The various statutory enactments are recited in Harvey v. Clyde Park District, 32 Ill.2d 60, 203 N.E.2d 573.

In our view the legislature by first enacting SDC 1960 Supp. 28.0913, and its predecessors, with broad responsibility, and then revising and reenacting it with limited responsibility, has manifested its intention to restrict liability to a breach of the duty thereby imposed. Thus it has impliedly eliminated common law negligence in keeping and maintaining county roads as the base for a cause of action against Lawrence County. If in the spirit of so-called enlightened public policy changes in the governing statute are again deemed appropriate, we believe the legislature will be cognizant of the need and will not remain insensitive to its responsibility.

In our opinion the purchase of a liability insurance policy by Lawrence County as permitted by SDC 1960 Supp. 12.0823 did not enlarge the county's responsibility. The county is authorized to carry insurance to indemnify against its statutory liability, but the fact of insurance does not create a cause of action where none existed in the absence of insurance.

The complaint also attempts to state a separate cause of action premised on liability in creating a nuisance. Apparently, the theory behind this alleged cause of action evolved from the authorities which disallow governmental immunity from tort liability when the acts complained of constitute a nuisance. See Greer v. City of Lennox, 79 S.D. 28, 107 N.W.2d. 337. We do not believe the facts alleged bring the case within the nuisance doctrine. The alleged omissions at most consist of negligence in construction, maintenance, and design of highways and are not sufficient to constitute a nuisance. Vesely v. Charles Mix County, 66 S.D. 570, 287 N.W. 51; Jerauld County v. Saint Paul-Mercury Indemnity Co., 76 S.D. 1, 71 N.W.2d 571. See also Defender v. City of McLaughlin, D.C., 228 F.Supp. 615.

The order appealed from is affirmed.

All the Judges concur.