■ BETTY PRAGER, as Administratrix of the Estate of HARRY PRAGER, Deceased, Appellant-Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent-Appellant, and CITY OF NEW YORK, Respondent.—In a wrongful death action, in which the jury had returned a verdict in favor of plaintiff against both defendants, plaintiff and defendant Motor Vehicle Accident Indemnification Corporation (MVAIC) separately appeal from a judgment of the Supreme Court, Kings County, entered August 2, 1978, which (1) dismissed the complaint as to the defendant City of New York upon the trial court's setting aside of the verdict against it and (2) awarded plaintiff judgment against MVAIC. Judgment reversed, on the law, complaint dismissed as to MVAIC, the verdict in favor of plaintiff and against the City of New York is reinstated, and the action is remitted to Trial Term for entry of an appropriate judgment. Costs are awarded to the plaintiff-appellant only, payable by the city. At approximately 5:00 P.M. on November 21, 1975, Harry Prager attempted to cross from the west to the east side of Flatbush Avenue at its intersection with Avenue I in Kings County. The traffic lights at the intersection had not been working for perhaps as much as four hours. After he had proceeded to the middle of Flatbush Avenue, a car traveling southbound on said avenue at 35 to 40 miles per hour struck him and left the scene. Prager ultimately died from the injuries he sustained. This action was commenced against MVAIC, which stands in the place of the hit-and-run driver, and the city, which allegedly was negligent in failing to repair the traffic lights or to take other precautions to govern the flow of traffic. At the trial, testimony was presented which showed that on the night in question it was dark and raining. At the hour that the accident occurred traffic was usually heavy at the subject location. The traffic light had stopped functioning from two to four hours before the accident and there had been a number of near accidents. When the traffic lights were in operation traffic usually traveled more slowly because cars would make left turns on the green light. The jury's verdict, which was in the form of answers to special questions, was that the city had constructive notice of the traffic light outage and that the outage was a substantial factor in causing the accident. Thereafter, Trial Term set aside the jury's verdict as to the city and held as a matter of law that four hours was insufficient to constitute constructive notice of the outage to the city and that the outage was not causally related to the accident. We disagree and hold that questions of fact were presented as to

both matters. Therefore, the jury's verdict against the city should not have been set aside. A traffic light outage which continues for as much as four hours at a heavily traveled area must certainly be deemed a dangerous condition. It cannot be said as a matter of law that the city did not, in four hours, have sufficient time to become aware of the outage and repair it or assign a police officer to the intersection (cf. *Cohen v City of New York,* 204 NY 424, 427). Nor can we say as a matter of law upon this record that the outage was not the proximate cause of the accident (cf. *Foley v State of New York,* 294 NY 275). The jury could reasonably have inferred from the evidence that the outage was a substantial factor in causing the accident and that the accident would not have occurred if the outage was promptly repaired. Accordingly, we have reinstated the jury verdict against the city and dismissed the action as against MVAIC (see Insurance Law, § 619, subd [a]; § 611, subd [g]). Damiani, J. P., Gibbons and Gulotta, JJ., concur.

Margett, J., dissents and votes to affirm the judgment, with the following memorandum: I believe that Trial Term correctly concluded, *inter alia,* that the outage of the traffic light was not the proximate cause of the accident. There was no evidence that the driver or plaintiff's decedent was confused by the absence of the light. Significantly, the hit-and-run vehicle was traveling southbound and the decedent was standing east of the double yellow lines dividing north and southbound traffic on Flatbush Avenue. Furthermore, a witness testified that the hit-and-run vehicle was moving through the intersection at 35 to 40 miles per hour at the time of the accident. Thus, I agree with Trial Term that the sole proximate cause of the accident was the negligence of the driver who proceeded without slackening his speed and who crossed over the double divider line. Accordingly, I would affirm the judgment appealed from.