OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The only contention advanced by the city on this appeal is that there was insufficient evidence as a matter of law to sustain the jury finding that the outage of the traffic light at the intersection where the accident occurred was a proximate cause of the accident. We reject this contention as did the Appellate Division.
 

 There was testimony that the traffic on Flatbush Avenue was unusually heavy at the time of the accident; that the traffic moved much more slowly when the traffic lights were working; that because of the outage the east-west traffic on Avenue I was very heavy; that cars at the intersection were “beeping” and “backed-up”; that traffic was “all screwed up”, and that cars were cutting from Avenue I through the gas station on the southwest corner of the intersection to reach Flatbush Avenue. One witness testified that there were several close calls and that he had stated at the time that there was going to be an accident.
 

 The trial court charged the jury,
 
 inter alia,
 
 that before they could find the city liable they must find that the outage
 
 *856
 
 was a cause of the accident, i.e., “a substantial factor in causing the accident”; that “the fact that the lights were out in and of itself is not sufficient”. “It may be, however, that if there was a red light the unidentified driver would have come to a stop. You may also find that if the light was green and the driver had a right to proceed through the intersection, that the accident would have happened the way it did anyway.” The jury was also charged that they could find that the accident was caused by the concurrent negligence of the city and the unidentified driver or was caused by only one of them. No exception was taken to the charge.
 

 In response to the specific question, “Was the outage a substantial factor in causing the accident?”, the jury responded unanimously in the affirmative.
 

 We cannot say that the evidence was not sufficient to support the explicit finding of proximate causation made by the jury under the instructions given by the court.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order affirmed.