**Sidney GULBRANSON, Plaintiff and Appellant,**

v.

**FLANDREAU TOWNSHIP, Defendant and Third Party Plaintiff and Appellee,**

v.

**Terry L. GULBRANSON, Third Party Defendant.**

No. 16882.

Supreme Court of South Dakota.

Argued April 23, 1990.

Decided July 11, 1990.

Thomas L. Fiegen and T.F. Martin of McCann, Martin & McCann, P.C., Brookings, for plaintiff and appellant.

Thomas M. Frankman of Davenport, Evans, Hurwitz & Smith, P.C., Sioux Falls, for defendant and third party plaintiff and appellee.

WUEST, Chief Justice.

Sydney Gulbranson (Gulbranson) appeals from an order of summary judgment entered by the circuit court in favor of Flandreau Township (Township). We affirm.

On August 2, 1987, Gulbranson and his brother were traveling on a gravel road in Flandreau Township. Gulbranson's brother, who was driving Gulbranson's automobile, failed to safely negotiate a sharp

curve on the Township road and, as a result, the automobile rolled into a ditch. Gulbranson sustained injuries to his person and his automobile was damaged as a result of this accident. After the accident, Gulbranson filed a complaint against Township arguing that under SDCL 21–32A–1, Township had an implied duty to erect road signs warning of dangers incident to a sharp curve. Since there was no such sign in the present case, Gulbranson submitted that Township breached the implied duty set forth in SDCL 21–32A–1 and this breach was the proximate cause of his damages. Township responded to this complaint and subsequently filed a motion for summary judgment asserting that Gulbranson failed to establish Township had a duty to erect signs warning of sharp curves on roads within the Townships. Since the establishment of a duty is necessary for a claimant to prevail on a negligence claim, Township argued that Gulbranson's action had to be dismissed. The trial court agreed with the assertions set forth by Township and thus granted summary judgment in favor of Township. Gulbranson now appeals from this summary judgment alleging the trial court erred in determining he failed to establish Township had a duty to erect road signs warning of sharp curves.

In addressing the issue raised on this appeal, we first note that the source of a public entity's liability for damages resulting from a defective highway is statutory. *Dohrman v. Lawrence Co.*, 82 S.D. 207, 209, 143 N.W.2d 865, 867 (1966) (citations omitted). Further, this Court has long held that SDCL 31–32–10 and 31–32–11 are the statutes which prescribe the nature and extent of the duty imposed upon public entities to protect the public from injury occasioned by defective roads. *See, Dohrman*, 82 S.D. at 210, 143 N.W.2d at 867 (1966); *Lipp v. Corson Co.*, 76 S.D. 343, 346, 78 N.W.2d 172, 174 (1956). SDCL 31–32–10 and 31–32–11 provide respectively:

> In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within forty-eight hours thereafter, substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert, or bridge in like manner. Any officer who violates any of the provisions of this section commits a petty offense. (Emphasis added).

> . . . . .

> Any person who shall sustain an injury to person or property by reason of any violation of this section shall have a cause of action against the county, township, city or town as the case may be for damages as he may have sustained.

In interpreting these statutes, this Court has repeatedly held and recognized that a failure to install adequate signs warning of danger incident to a sharp curve is not a violation of duty under SDCL 31–32–10 and thus SDCL 31–32–11 creates no cause of action for such an omission. *Dohrman, supra*, 82 S.D. at 210, 143 N.W.2d at 867; *Zens v. Chicago, Milwaukee, St. Paul & Pac. R.*, 386 N.W.2d 475, 478 (S.D.1986); *Kiel v. DeSmet Township*, 90 S.D. 492, 497, 242 N.W.2d 153, 156 (1976); *Reany v. Union Co.*, 69 S.D. 392, 397, 10 N.W.2d 762, 764 (1943). On appeal, Gulbranson contends that we should no longer give effect to the legal principles set forth in the preceding cases because the legislature's enactment of SDCL 21–32A–1 effectively overrules such principles. We disagree.

As reflected by its title, SDCL 21–32A–1 was designed to effect a waiver of sovereign immunity for public entities where

such public entities participate in a risk sharing pool or have purchased liability insurance.[1] This statute provides in pertinent part:

> To the extent any public entity ... purchases liability insurance ... and to the extent that coverage is afforded thereunder, the public entity ... shall be deemed to have consented to suit in the same manner that any other party may be sued.

Gulbranson submits this statute not only waives sovereign immunity for any public entity purchasing liability insurance, but it also allows public entities to be sued for the breach of any duty for which any other party may be sued. Specifically, Gulbranson contends the phrase "in the same manner" as used in SDCL 21–32A–1 refers to the basis upon which a public entity may be sued. Thus, he reasons since he could sue any other owner of land for breach of a duty to warn of a dangerous condition on the owner's land, then, according to SDCL 21–32A–1, he should be allowed to sue a public entity upon the same basis if that public entity has purchased liability insurance. After thorough consideration of this argument, we conclude that Gulbranson interprets the language of SDCL 21–32A–1 much too broadly and thus we reject his argument as to this issue.

Initially, we note that the term "manner" refers to "a mode of procedure." Webster's New Collegiate Dictionary, p. 700 (1977). Thus, the statement that public entities "shall be deemed to have consented to suit *in the same manner* that any other party may be sued" merely means the mode of procedure to be followed in suing a public . entity is no different than that which is followed in suing any other party. Specifically, a person suing a public entity which maintains liability insurance need not obtain that entities consent to be sued. Rather, such person may proceed against the public entity the same way he would

proceed against any other party. Therefore, the phrase "in the same manner" refers to a mode of procedure and not to the basis upon which a public entity may be sued.

We also note that an application of Gulbranson's interpretation of SDCL 21–32A–1 would subject public entities to liability for breach of those duties for which *any* other party may be sued. Clearly such an interpretation would impose a whole host of new duties upon public entities ranging far beyond the area of road maintenance. The legislature's intent to impose new duties upon public entities is simply not expressed in SDCL 21–32A–1. In fact, the term "duty" is not used at all in this statute. For this reason also, we find Gulbranson's interpretation of SDCL 21–32A–1 to be lacking in merit. Therefore, we reject his contention that this statute allows public entities to be sued for the breach of any duty for which any other party may be sued where such entity has purchased liability insurance.

As his final argument, Gulbranson submits that although SDCL 31–32–10 does not indicate that Townships have a duty to erect road signs warning of dangers incident to a sharp curve, other statutes indicate Townships do have such a duty. Thus, he contends the Township's failure to meet the standards imposed by other statutes gives rise to a civil cause of action for those who sustain injuries proximately caused by the Township's failure to meet such standards. In addressing this argument, we note the issue of whether other statutes are applicable to the facts in the present case was never presented to the trial court. It is well established in this state that issues not presented at the trial court level will not be addressed at the appellate court level. *Weaver v. Boortz*, 301 N.W.2d 673 (S.D.1981); *Ward v. Viborg Sch. Dist.* 319 N.W.2d 502, 505 (S.D. 1982). For this reason, we do not consider

---

1. SDCL 21–32A–1 is entitled: "Waiver of sovereign immunity to the extent of risk sharing pool or insurance coverage."

Gulbranson's final argument on this appeal.

Judgment affirmed.

All the Justices concur.