1997 SD 122

Dorothy R. FRITZ and Gordon Fritz,
Plaintiffs and Appellants,

v.

HOWARD TOWNSHIP and Howard Township Board of Township Supervisors, Defendants and Appellees.

No. 19935.

Supreme Court of South Dakota.

Considered on Briefs Sept. 9, 1997.

Decided Oct. 29, 1997.

Gary W. Conklin of Galland Legal Clinic, Sioux Falls, for plaintiffs and appellants.

Douglas M. Deibert of Cadwell Sanford Deibert & Garry, Sioux Falls, for defendants and appellees.

SABERS, Justice.

[¶ 1.] Summary judgment was granted to Township in personal injury action brought by motorist injured on unmarked, unguarded, washed-out township road. The trial court ruled that 1) Township met its duty by posting a warning sign, and 2) unless Township had actual knowledge that the sign was

missing, it owed no further duty to the plaintiff. We reverse and remand for trial.

## FACTS

[¶ 2.] Joanne Farke is the clerk for the Howard Township Board of Township Supervisors (Board) in Charles Mix County. On a Sunday afternoon in February of 1994, a township resident telephoned Farke at home to inform her that a section of a township road was washed out. After trying unsuccessfully to reach other Board members, Farke and her family constructed two "Road Closed" signs with their own boards and fluorescent paint. They mounted the signs on steel fence posts and placed them at the east and west ends of the mile-long road, pounding them several inches into the center of the road. Farke testified they placed the signs in the middle of the road "so vehicles would have to drive around them." No signs, guards, or barriers were erected near or immediately by the washout because "[the road] was used for farm use."

[¶ 3.] Farke informed the Board, which attempted to have the road repaired. No repairs were possible until the gravel pits thawed, so the road remained washed out until the summer. The Board did not post signs other than those erected by the Farke family.

[¶ 4.] Sometime after midnight on March 27, 1994, Dorothy Fritz was traveling east on a township road. She stopped at a stop sign before crossing a county road. Farkes had placed the west sign directly east of this intersection; however, it is undisputed that it was not present when Fritz entered that section of the road. Traveling between forty and forty-five miles per hour, her vehicle struck the washout. This was approximately a quarter of a mile east of the intersection. Fritz suffered serious physical injuries and her automobile was severely damaged.

[¶ 5.] According to Fritz, the washout covered over half of the roadway and was approximately fifteen to twenty feet long, ten feet wide, and seven feet deep. Township does not dispute these measurements.

[¶ 6.] The west sign was apparently knocked over by farm equipment or other traffic prior to March 27, and a portion of it was later recovered from the ditch. Farke replaced it with another homemade sign after Fritz was injured.

[¶ 7.] Fritz sued Howard Township for failure to maintain its roads. She claimed it was negligent in its failure to properly sign the road and in failing to place a guard at or over the washed-out section of the road. The trial court granted Township's motion for summary judgment, ruling that it met its duty by posting the sign. The court held, that in the absence of actual knowledge that the sign was knocked down, Township owed no further duty. Fritz appeals.

## STANDARD OF REVIEW

[¶ 8.] Our review of summary judgment is well settled:

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. [If not,] if there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

In reviewing a grant of summary judgment, we conduct an independent review of the record. Finally, "the burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law[.]" *State Dep't of Revenue v. Thiewes,* 448 N.W.2d 1, 2 (S.D.1989) (citation omitted).

*Walz v. Fireman's Fund Ins. Co.,* 1996 SD 135, ¶ 6, 556 N.W.2d 68, 70 (citing *Lamp v. First Nat'l Bank of Garretson,* 496 N.W.2d 581, 583 (S.D.1993) (other citations omitted)). If there are no genuine issues of material

fact present in this case, then summary judgment will be affirmed if the trial court correctly decided the legal issues presented. *Weiss v. Van Norman*, 1997 SD 40, ¶ 9, 562 N.W.2d 113, 115 (citations omitted). Generally, whether a duty exists is a question of law which we review de novo. *City of Colton v. Schwebach*, 1997 SD 4, ¶ 8, 557 N.W.2d 769, 771.

### [¶ 9.] 1. WHETHER THE HOME-MADE SIGN FULFILLED TOWNSHIP'S DUTY TO GUARD AND SIGN THE UNREPAIRED DEFECT.

[¶ 10.] In its memorandum decision, the trial court incorrectly concluded that "this is not a case where the *adequacy, design, type,* or *conspicuousness* of the sign is at issue." (Emphasis in original). Whether the homemade sign was in compliance with certain statutory directives is a primary issue.

[¶ 11.] It is undisputed that Township has a duty to maintain township roads. *See* SDCL 31-13-1, which provides in relevant part: "The board of township supervisors shall construct, repair, and maintain all of the secondary roads within the township." If a road falls out of repair,[1] certain other duties are implicated.

[¶ 12.] First, the Township must act promptly to prevent accidents and injuries by erecting a guard either over the defect or across the road:

If any highway, culvert, or bridge is damaged by flood, fire or other cause, to the extent that it endangers the safety of public travel, the governing body responsible for the maintenance of such highway, culvert, or bridge, *shall within forty-eight hours of receiving notice of such danger, erect guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury* and shall repair the damage or provide an alternative means of crossing within a reasonable time after receiving notice of the danger. The governing body shall erect a similar guard across any abandoned public highway, culvert, or bridge. Any officer who violates any of the provisions of this section commits a petty offense.

SDCL 31-32-10 (emphasis added); *see Kiel v. DeSmet Township*, 90 S.D. 492, 496, 242 N.W.2d 153, 155 (1976):

Obviously, the main obligation of a county under this statute [SDCL 31-32-10] is to repair all defects in a county highway which endanger the safety of public travel. Incidentally the statute also imposes a secondary duty upon the county to erect temporary guards over defects, where needed, until repairs are made.

(Citation omitted).

[¶ 13.] Second, SDCL 31-28-6 provides for the placement of a warning sign for the benefit of approaching traffic:

The public board or officer whose duty it is to repair or maintain any public highway *shall erect and maintain* at points in conformity with standard uniform traffic control practices on each side of any sharp turn, blind crossing, *or other point of danger* on such highway, except railway crossings marked as required in § 31-28-7, *a substantial and conspicuous warning sign, which sign shall be on the right-hand side of the highway approaching such point of danger.* A violation of this section is a Class 1 misdemeanor.

(Emphasis added).

[¶ 14.] The trial court concluded that since Township did not have actual knowledge that the sign was missing, there was "no reason for a jury to speculate on whether the missing sign was adequate." We disagree.

[¶ 15.] When "shall" is the operative verb in a statute, it is given "obligatory or mandatory" meaning. *See In re Groseth Int'l, Inc.*, 442 N.W.2d 229, 231-32 (S.D.1989) (citing Person v. Peterson, *296 N.W.2d 537 (S.D.1980)*; Tubbs v. Linn, *75 S.D. 566, 70 N.W.2d 372 (1955)*; *2A* Sutherland Stat. Const. *§ 57.03, at 643-44 (4th ed.1984)*; *Sutton,* Use of "Shall" in Statutes, *4 J. Marshall LQ 204 (1938)*, reprinted in *1A* Sutherland

---

1. It is also undisputed that the washout caused this road to be "out of repair."

Stat. Const. *691 (4th ed.1985))*.[2] *The two statutes obligated Township to 1) erect a guard across the washout or across the highway, and 2) erect and maintain a "substantial and conspicuous" warning sign which conformed with "uniform traffic control practices." The guard must be of "sufficient height, width, and strength to guard the public...." Whether the sign conformed to the standards provided in these statutes presents a question for the jury. Kiel*, 90 S.D. at 497, 242 N.W.2d at 156.[3]

[¶ 16.] Fritz claims, and Township concedes, that the reference in SDCL 31–28–6 to "uniform traffic control practices" dictates that the sign conform to the Manual on Uniform Traffic Control Devices (MUTCD).[4] *See* 23 CFR § 655.601–07. The MUTCD is a national publication promulgated by the Federal Highway Administration and is the "national standard for all traffic control devices installed on any street, highway, or bicycle trail open to public travel[.]" *Id.* § 655.603(a). The States may draft their own manual, so long as it is in "substantial conformance" with the national MUTCD, *id.* § (b), but are encouraged to adopt the national version. South Dakota adopted the

national version. *See* SDCL 31–28–11: "On any street or road constructed with federal aid, the location, form, character of informational regulatory warning signs, curb and pavement or other markings and traffic signals, shall conform to uniform national signing standards."[5] It is a question of fact whether this sign conformed to the MUTCD, and should be resolved by a jury on remand.

[¶ 17.] "[A]n unexcused violation of a statute enacted to promote safety constitutes negligence per se." *Thompson v. Summers*, 1997 SD 103, ¶ 16, 567 N.W.2d 387, 393 (citations omitted). Whether Township breached a duty under either of these statutes constitutes a question for the factfinder. However, violation of these statutes "alone is not sufficient to render them liable to the plaintiff. Before they may be held to respond in damages it must further appear that their violation of the duty placed on them by this rule was the proximate cause of plaintiff's injury. The burden of establishing this is on the plaintiff." *Blakey v. Boos*, 83 S.D. 1, 8, 153 N.W.2d 305, 309 (1967) (citation omitted); *accord Musch v. H–D Coop., Inc.*, 487 N.W.2d 623, 625–26 (S.D.1992):

---

**2.** *See also* SDCL 2–14–2.1, effective July 1, 1997, which provides: "As used in the South Dakota Codified Laws to direct any action, the term, shall, manifests a mandatory directive and does not confer any discretion in carrying out the action so directed."

**3.** *Kiel* repeats a prior holding of this court, i.e., "that the failure of a governing board or body to install a road sign in the first instance does not give rise to a cause of action under SDCL 31–32–10 and 31–32–11." 90 S.D. at 497, 242 N.W.2d at 156 (citing *Dohrman v. Lawrence County*, 82 S.D. 207, 143 N.W.2d 865 (1966); *Reaney v. Union County*, 69 S.D. 392, 10 N.W.2d 762 (1943)). Those cases dealt, not with defects such as the washout in this case but with instances where a sign was *never* erected to warn of sharp curves (*Dohrman; Reaney*) or steep hills (*Dohrman*). The rationale for not imposing liability for failure to erect warning signs was that these conditions were inherent in the design or plan of the highway and did not result from the highway becoming defective because it fell out of repair. *Dohrman*, 82 S.D. at 210–11, 143 N.W.2d at 867; *Reaney*, 69 S.D. at 397, 10 N.W.2d at 764. Furthermore, as the *Kiel* court noted, "It may be assumed that public authorities in the discharge of their duties under this statute have a measure of discretion in determining what curves, crossings, and other points of danger require a warn-

ing sign and failure to erect or install one is not ordinarily actionable." 90 S.D. at 496, 242 N.W.2d at 155 (citations omitted).

This rationale does not apply to a defect such as a washout. *Cf. Clementson v. Union County*, 63 S.D. 104, 256 N.W. 794 (1934) (upholding jury verdict for motorist when washout was present for six weeks prior to injury and county never erected guard); *see also Bland v. Davison County*, 507 N.W.2d 80; 81 (S.D.1993) (*Bland I*) ("We cannot infer from the statutes that County has permission to idly stand by while hazards knowingly exist on its roads."). Moreover, in this case the Township determined the washout was a danger, as evidenced by the placement of the "road closed" signs.

**4.** Township argues this is a non-issue because the sign was down. We disagree; the jury may conclude that a sign and a guard which conformed to MUTCD could not be toppled by farm machinery or other traffic.

**5.** The record does not disclose whether this road was "constructed with federal aid." Regardless, the provision in SDCL 31–28–6 pertaining to "uniform traffic control practices" indicates the MUTCD. As noted, this point is conceded by Township.

With regard to the proximate cause issue, this court has recognized that the mere violation of a statute is insufficient to support an action for damages. Rather, a plaintiff must show that the violation of a statutory duty was the proximate cause of his injury to support a recovery in negligence. *Serles v. Braun,* 79 S.D. 456, 113 N.W.2d 216 (1962); *Zeller v. Pikovsky,* 66 S.D. 71, 278 N.W. 174 (1938). In *Leslie v. City of Bonesteel,* 303 N.W.2d 117, 119 (S.D.1981), we stated: "For proximate cause to exist, 'the harm suffered must be found to be a foreseeable consequence of the act complained of.... The negligent act must be a substantial factor in bringing about the harm.' *Williams v. United States,* 450 F.Supp. 1040, 1046 (D.S.D. 1978)."

(Emphasis omitted). Questions of proximate cause are for the jury in "all but the rarest of cases." *Bauman v. Auch,* 539 N.W.2d 320, 325 (S.D.1995); *Nelson v. Nelson Cattle Co.,* 513 N.W.2d 900, 903 (S.D.1994); *Holmes v. Wegman Oil Co.,* 492 N.W.2d 107, 114 (S.D. 1992).

**[¶ 18.] 2. WHETHER ACTUAL NO-TICE THAT THE SIGN WAS MISS-ING IS REQUIRED TO IMPOSE A FURTHER DUTY TO WARN MO-TORISTS.**

[¶ 19.] As noted, it was improper for the trial court to conclude that Township complied with SDCL 31–28–6 and 31–32–10, as that is a jury question. If the jury finds that the sign met the requirements of those statutes, however, then another jury question arises. It is settled law that SDCL 31–32–10 contemplates, not only damage to the driving portion of a highway, but also damage to road signs. *Kiel,* 90 S.D. at 497, 242 N.W.2d at 155–56 (overruling contrary holding in *Jensen v. Hutchinson County,* 84 S.D. 60, 166 N.W.2d 827 (1969)).

[¶ 20.] Once a warning sign is erected, it becomes

a physical and integral part of the highway. As an appurtenant part of the highway the county had a continuing duty to maintain and keep the sign in reasonable repair for the safety of public travel. We

may assume, of course, from the allegations of the complaint that the dangerous curve continues to exist and the county had actual or constructive notice of the defect. The situation is not unlike a warning, danger, or stop sign that has been knocked over, fallen down, destroyed, or removed by vandals. A negligent failure to repair or replace the same after notice of the defect would cause a highway to be "out of repair" within the contemplation of our remedial statute.

*Id.,* 242 N.W.2d at 155 (adopting dissenting opinion from *Jensen, supra*) (internal citation omitted).

Whether the absence of the sign in question from its designated location caused the road to become out of repair, and, if so, whether such defect was a proximate cause of the accident, and whether the sign as placed at the intersection ... constituted a "substantial guard" within the meaning of SDCL 31–32–10, are questions to be determined by the trier of fact. We hold only that a genuine issue of material fact exists for determination and that respondents are not entitled to judgment as a matter of law.

*Id.* at 497–98, 242 N.W.2d at 156 (citations omitted); *accord Zens v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,* 386 N.W.2d 475, 478 (S.D.1986).

[¶ 21.] The trial court concluded, that in the absence of *actual* notice that the sign was knocked down, Township had no duty to take additional steps to warn motorists of the dangerous condition of the road. The court cited no authority for this statement. Fritz argues that "constructive" notice can be established by showing that the sign was missing for sufficient time such that Township could have discovered its absence through the exercise of reasonable diligence. Township claims that this court has "never embraced such a theory." On the contrary, see *Clementson v. Union County,* 63 S.D. 104, 108, 256 N.W. 794, 796 (1934):

Our statute [forerunner to SDCL 31–32–10] does not expressly require actual notice [of defect in highway], and by the great weight of authority it is held that unless

actual notice is required by the statute constructive or implied notice is sufficient. (Citations omitted). *Accord Zens,* 386 N.W.2d at 478 ("[W]hether such defect was the proximate cause of the accident, and whether Township had at least *constructive or implied notice* thereof ... are further questions to be determined by the trier of fact.") (emphasis added); *see also* SDCL 17–1–4:

> Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself.

■ [¶ 22.] It is a question of fact for the jury to determine whether Township, in the exercise of ordinary care, should have discovered that the sign was missing in time to replace it before this accident. *Boe v. Healy,* 84 S.D. 155, 161–62, 168 N.W.2d 710, 713 (1969); *cf. Prager v. Motor Vehicle Accident Indem. Corp.,* 74 A.D.2d 844, 425 N.Y.S.2d 631, 632–33 (1980) *aff'd,* 53 N.Y.2d 854, 440 N.Y.S.2d 179, 422 N.E.2d 824 (1981):

> The jury's verdict ... was that the city had constructive notice of the traffic light outage and that the outage was a substantial factor in causing the accident. Thereafter, [the trial court] set aside the jury's verdict as to the city and held as a matter of law that four hours was insufficient to constitute constructive notice of the outage to the city and that the outage was not causally related to the accident. We disagree and hold that *questions of fact* were presented as to both matters. Therefore, the jury's verdict against the city should not have been set aside.

(Emphasis added); *see also* 58 Am.Jur.2d *Notice* § 17, at 584 (1989): "The question whether the circumstances are sufficient to give rise to a duty of further inquiry is ordinarily one of fact, frequently fraught with appreciable difficulty, and always determinable in the light of the circumstances of the particular case."

[¶ 23.] It is incumbent upon Township, as the moving party, to demonstrate the ab-sence of any genuine issue of material fact. *Walz,* 1996 SD 135 at ¶ 6, 556 N.W.2d at 70. Township simply argues there was no actual notice; that is insufficient to entitle it to judgment as a matter of law.

[¶ 24.] Fritz, on the other hand, met her burden by presenting specific facts which show that a genuine, material issue for trial exists. *Id.* A witness who lived within a mile of the road stated by affidavit that the sign was down for "a few days" before Fritz drove into the washout. Farke testified that the Board knew that "large equipment would be coming through there." Township does not claim that any measures were undertaken to insure that the signs were still present. Farke testified that she drove by once or twice and the sign was still standing. These trips were not made in order to check on the sign, but were incidental to trips to Lake Andes. Whether the knowledge of heavy equipment traffic constituted circumstances sufficient to put Township on notice that the homemade sign might be knocked over is a question for the jury.

## CONCLUSION

[¶ 25.] There are genuine issues of material fact whether Township breached its statutory duty to sign and guard the washout. If the jury determines that the homemade sign complied with the statutes, then it must determine whether Township should have discovered that the sign was missing in time to replace it before March 27. Accordingly, summary judgment was improper and we remand for jury trial where Fritz' claims may be subject to the defenses of contributory negligence and assumption of the risk.

[¶ 26.] MILLER, C.J., and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.