#24260-a-JKK

**2008 SD 27**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

ROD BICKNER and,
ERIN BICKNER,                                        Plaintiffs and Appellants,

  v.

RAYMOND TOWNSHIP, a
political subdivision of the County
of Clark, State of South Dakota,                     Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CLARK COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE ROBERT L. TIMM
Judge

\* \* \* \*

PAUL J. GILLETTE of
Gillette, Battey & Gillette, PC                       Attorneys for plaintiffs
Redfield, South Dakota                               and appellants.

MELISSA E. NEVILLE of
Bantz, Gosch & Cremer, LLC                           Attorneys for defendant
Aberdeen, South Dakota                               and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 23, 2007

OPINION FILED **04/02/08**

#24260

KONENKAMP, Justice

[¶1.] Rod Bickner was injured when his car failed to negotiate a sharp turn on a gravel township road. He brought suit against Raymond Township, claiming that it breached its statutory duties under SDCL 31-32-10 and SDCL 31-28-6 in failing to have adequate warning signs and guardrails for the dangerous turn in the road. The circuit court granted summary judgment for the Township. Bickner appeals, and we affirm.

## Background

[¶2.] On July 12, 2001, at 3:50 a.m., Rod Bickner was driving his vehicle home from Watertown, South Dakota, where he was working. His destination was Doland, South Dakota. The road he usually traveled, Highway 212, was closed for maintenance. He decided to take an alternate route rather than the detour. He traveled on a gravel road unfamiliar to him. The gravel road is located in Raymond Township.

[¶3.] As he headed west toward Doland, he came upon a ninety-degree, right-hand curve in the road. He did not expect this curve, and there were no warning signs. He was unable to make the curve and lost control of his vehicle. He slid off the west side of the road. The car rolled one time. He was seriously injured.

[¶4.] Bickner brought suit against the Township. He alleged that sometime before his accident a warning sign existed and the Township failed to repair or replace the sign. He also averred that if no sign existed the Township breached its statutory duty to erect warning signs and guardrails for the ninety-degree curve in the road. The Township moved for summary judgment asserting that no sign

-1-

warning of the curve ever existed and there is no statutory duty on the part of the Township to erect a sign. After a hearing, the circuit court granted summary judgment. Bickner appeals.[1]

## Analysis and Decision

[¶5.]        According to Bickner, two statutes establish his claim: (1) SDCL 31-32-10 specifically requires townships to maintain and repair defects in township roads, and (2) SDCL 31-28-6 mandates that townships post signs at points of danger along township roads. SDCL 31-32-10 provides:

> If any highway, culvert, or bridge *is damaged* by flood, fire or *other cause*, to the extent that it endangers the safety of public travel, the governing body responsible for the maintenance of such highway, culvert, or bridge, shall within forty-eight hours of receiving notice of such danger, *erect guards over such defect* or across such highway of sufficient height, width, and strength to guard the public from accident or injury and shall repair the damage or provide an alternative means of crossing within a reasonable time after receiving notice of the danger.

(Emphasis added). Under this statute, Bickner asserts that the Township road was damaged, or in a defective condition, after the Township removed a railroad warning sign and did not replace it with a sign warning of the curve. He believes a duty exists because a railroad crossing and a ninety-degree curve are inherently dangerous conditions. Once the railroad was removed along with the railroad warning sign, Bickner avers that a dangerous curve still existed, and the Township had a duty to replace the railroad sign with a sign warning of the curve.

---

1.      Under our familiar standard, summary judgment is properly granted if there are no material issues of fact in dispute and the law was correctly applied. Jones v. Siouxland Surgery Ctr. Ltd Partnership, 2006 SD 97, ¶7, 724 NW2d 340, 343.

[¶6.]	Bickner further argues that the Township had a duty to erect a warning sign in the first place, regardless of the railroad sign. He relies on SDCL 31-28-6, which states,

> The public board or officer whose duty it is to repair or maintain any public highway *shall erect and maintain at points in conformity with standard uniform traffic control practices on each side of any sharp turn*, blind crossing, or other point of danger on such highway, except railway crossings marked as required in § 31-28-7, a substantial and conspicuous warning sign, which sign shall be on the right-hand side of the highway approaching such point of danger.

(Emphasis added). Because the Township did not follow the "standard uniform traffic control practices" and erect a "substantial and conspicuous" sign warning of the "sharp turn," Bickner asserts that the Township breached its statutory duty. In support of his argument, he points to the use of "shall" in the statute and the language of the Manual on Uniform Traffic Control Devices (MUTCD), which South Dakota has adopted.

[¶7.]	In response, the Township claims that, while SDCL 31-32-10 might be implicated if a sign warning of the curve existed before the accident, in this case there was no breach because the Township never erected such warning sign. The Township lists a line of cases holding that "a failure to install adequate signs warning of danger incident to a sharp curve is not a violation under SDCL 31-32-10[.]" *See* Gulbranson v. Flandreau Township, 458 NW2d 361, 362 (SD 1990); *see also* Fritz v. Howard Township, 1997 SD 122, ¶15 n3, 570 NW2d 240, 243 n3; Wilson v. Hogan, 473 NW2d 492, 496 (SD 1991); Kiel v. DeSmet Township, 90 SD 492, 496, 242 NW2d 153, 155 (1976) ("failure of a governing board or body to

install a road sign in the first instance does not give rise to a cause of action under SDCL 31-32-10").

[¶8.]    The Township further asserts that summary judgment was properly granted on Bickner's claim under SDCL 31-28-6.  According to the Township, based on this Court's past cases, SDCL 31-32-11 does not create a cause of action for a breach of the duties in SDCL 31-28-6.  *See Fritz*, 1997 SD 122, ¶15 n3, 570 NW2d at 243 n3; *Wilson*, 473 NW2d at 496; *Gulbranson*, 458 NW2d at 362; Zens v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 386 NW2d 475, 478 (SD 1986); *Kiel*, 90 SD at 496, 242 NW2d at 155.  Therefore, the Township asserts that it is protected from suit under SDCL 31-28-6 by the doctrine of sovereign immunity.

[¶9.]    Although we previously held that SDCL 31-32-11 waived sovereign immunity and established a cause of action for a breach under SDCL 31-32-10, this statute was repealed in 1986.[2]  *See Wilson*, 473 NW2d at 496.  Therefore, whether the Township can be liable under SDCL 31-32-10 or SDCL 31-28-6 depends on whether it is protected by sovereign immunity.  Neither party addressed whether sovereign immunity applies with respect to the Township's duties under SDCL 31-21-10.  Moreover, although the circuit court granted summary judgment, its decision was not based on the doctrine of sovereign immunity.

---

2.    Before its repeal, SDCL 31-32-11 provided in part:

> Any person who shall sustain injury to person or property by reason of any violation of § 31-32-10 shall have a cause of action against the county, township, city, or town as the case may be for such damages as he may have sustained.

(continued . . .)

[¶10.]     Whether sovereign immunity applies is a question of law. Hall v. City of Watertown *ex rel.* City of Watertown Police Dept., 2001 SD 137, ¶4, 636 NW2d 686, 688 (citing Cromwell v. Rapid City Police Dept., 2001 SD 100, ¶8, 632 NW2d 20, 23). Sovereign immunity is the right of public entities to be free from liability for tort claims unless waived by legislative enactment. Public Entity Pool for Liab. v. Score, 2003 SD 17, ¶7 n3, 658 NW2d 64, 67 n3 (citing Alden v. Maine, 527 US 706, 715, 119 SCt 2240, 2247, 144 LEd2d 636 (1999) (citations omitted)). In this case, immunity has not been waived by any legislation. The question, therefore, ordinarily becomes whether the duties under SDCL 31-32-10 and SDCL 31-28-6 are ministerial or discretionary. This, too, is a question of law. Hansen v. S.D. Dept. of Trans., 1998 SD 109, ¶18, 584 NW2d 881, 885 (citations omitted).

[¶11.]     With respect to the duties under SDCL 31-32-10, we need not decide whether they are ministerial or discretionary here because those duties are not implicated in the facts of this case. Nothing in the record establishes that the township road was damaged or in a defective condition. A damage or defect can exist when a governing board or body fails to repair or replace a sign warning of a danger or defect, but the sign must have existed before the accident. *Fritz*, 1997 SD 122, ¶15 n3, 570 NW2d at 243 n3; *Gulbranson*, 458 NW2d at 362; *Zens*, 386 NW2d at 478; *Kiel*, 90 SD at 496, 242 NW2d at 155.

---

(. . . continued)

This Court, in *Hansen v. S.D. Dept. of Trans.*, held that sovereign immunity protects the Secretary of Transportation from liability under SDCL 31-32-10. 1998 SD 109, ¶¶26-28, 584 NW2d 881, 887.

[¶12.]     Bickner insists there is a material issue of fact in dispute on whether a sign warning of the curve existed before the accident. But he relies only on general allegations and provides no evidence to support his claim. In circuit court, he failed to respond by means of affidavit or otherwise to refute the evidence provided by the Township showing that a warning sign for a sharp turn never existed. *See* SDCL 15-6-56(e); Bordeaux v. Shannon County Schools, 2005 SD 117, ¶14, 707 NW2d 123, 127 (citing Hughes-Johnson Co. v. Dakota Midland Hosp., 195 NW2d 519, 521 (SD 1972)). Nevertheless, he maintains that his cause of action should not be dismissed because there is evidence that "a sign" existed before the accident, which was not replaced. *See id.* (citing Paradigm Hotel Mortg. Fund v. Sioux Falls Hotel Co., Inc., 511 NW2d 567, 569 (SD 1994) (more is needed than "[u]nsupported conclusions and speculative statements, [which] do not raise a genuine issue of fact") (citing Home Fed. Sav. & Loan v. First Nat'l Bank, 405 NW2d 655 (SD 1987))).

[¶13.]     The duty under SDCL 31-28-10 to warn of a curve in the road is not created and a defect does not exist simply because a railroad crossing sign was present sometime before the accident and was removed when the rails were removed. The removed railroad sign would not have warned Bickner that a ninety-degree curve was ahead, and therefore, SDCL 31-32-10 is inapposite. The court did not err when it granted summary judgment on this claim.

[¶14.]     The Township also cannot be held liable under SDCL 31-28-6 because the Township's decision to erect a warning sign in the first place is protected by the doctrine of sovereign immunity. As this Court recognized in *Hansen*, the initial decision to erect warning signs is discretionary. 1998 SD 109, ¶31, 584 NW2d at

888. This statute does not establish a "hard and fast rule" on the course of conduct the Township was required to take. *See id.* ¶28 (quoting Kyllo v. Panzer, 535 NW2d 896, 901-02 (SD 1995)). Although the statute refers to the "standard uniform traffic control practices" and it is undisputed that South Dakota has adopted the MUTCD, Bickner cites no provision in the MUTCD that specifically requires a township to erect a warning sign in these circumstances. *See id.*

[¶15.]     The provisions cited by Bickner state, "Horizontal alignment signs *may be used* where engineering *judgment* indicates a need to inform the road user of a change in the horizontal adjustment of the roadway" and after "engineering *judgment* determines a need for a horizontal alignment sign," a certain sign "shall be used." (Emphasis added). This language accommodates an exercise of discretion. *Kyllo*, 535 NW2d at 901-02 n9 (citing Black's Law Dictionary 996 (1990)). Bickner concedes that there exists "a measure of discretion when determining when warning signs are necessary and that failing to erect signs is generally not actionable." Summary judgment was properly granted on this claim.

[¶16.]     Affirmed.

[¶17.]     GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.