■ FELIX URBISTONDO, Appellant, v CITY OF NEW YORK, Respondent. FELIX URBISTONDO, Appellant, v JOSE A. PUJOLS et al., Defendants, and WELSBACH ELECTRIC CORP., Respondent. (And a Third-Party Action.) [933 NYS2d 32]—

Dismissal of the complaint as against the City and Welsbach was not warranted in this action where plaintiff pedestrian alleges that he was injured when, while crossing an intersection where neither the pedestrian signal nor traffic light were functioning, he was struck by a motor vehicle driven by defendant Pujols. A City employee testified that on the morning of the accident, a complaint was lodged indicating that the traffic signals at the subject intersection were not working. A call type of "02" had been assigned to the complaint, meaning that Welsbach, the company charged with maintaining the traffic lights, had two hours to respond to the outage. However, the record shows that plaintiff was injured more than two hours after the complaint had been lodged.

"A municipality has a duty to maintain its streets in a reasonably safe condition" (*Kohn v City of New York*, 69 AD3d 463, 463 [2010]). Here, the record shows that the pedestrian signal and traffic light outages at issue were allowed to persist on a heavily traveled roadway, with nine traffic lanes, for more than

two hours and resulted in a dangerous condition on that roadway (*see Prager v Motor Veh. Acc. Indem. Corp.*, 74 AD2d 844 [1980], *affd* 53 NY2d 854 [1981]). Accordingly, triable issues exist as to whether the failure to timely respond to and remedy the signal outages was a proximate cause of plaintiff's accident (*see id.*). Concur—Tom, J.P., Saxe, Sweeny, Richter and Manzanet-Daniels, JJ.